# United States Court of Appeals
## For the First Circuit

No. 10-2262

ASHLEIGH PRUELL, on behalf of herself and all other employees
similarly situated; AMY GORDON, on behalf of herself and all
other employees similarly situated,

Plaintiffs, Appellants,

v.

CARITAS CHRISTI; CARITAS CHRISTI NETWORK SERVICES; CARITAS GOOD
SAMARITAN MEDICAL CENTER, INC.; CARITAS NORWOOD HOSPITAL, INC.;
CARITAS SOUTHWOOD HOSPITAL, INC.; CARITAS ST. JOHN OF GOD
HOSPITAL, INC.; SAINT ANNE'S HOSPITAL CORPORATION; RALPH DE LA
TORRE, M.D.; RICHARD KROPP; CARITAS CARNEY HOSPITAL, INC.;
CARITAS HOLY FAMILY HOSPITAL, INC.; CARITAS ST. ELIZABETH'S
MEDICAL CENTER OF BOSTON, INC.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. George A. O'Toole, Jr., U.S. District Judge]

Before
Lynch, Chief Judge,
Boudin and Howard, Circuit Judges.

Patrick J. Solomon with whom Peter J. Glennon, Guy A. Talia,
Thomas & Solomon LLP and Dwyer & Collora, LLP were on brief for
appellants.
Richard L. Alfred with whom Barry J. Miller, Jessica M.
Schauer, Sarah N. Turner and Seyfarth Shaw LLP were on brief for
appellees.

July 14, 2011

**BOUDIN**, **Circuit Judge**.   In September 2009, Ashleigh Pruell and Amy Gordon filed this putative class action in Massachusetts Superior Court against named hospitals in the Caritas Christi hospital network and two of its senior executives (collectively, "Caritas").   Pruell and Gordon, employees of Caritas, purport to represent a class of over 12,000 Caritas hospital employees and claim that they and other class members were deprived of compensation for work performed during their meal break, for work performed before and after shifts, and for time spent attending training sessions.

All of the claims asserted in the complaint rest on state law; they arise under Massachusetts statutes--Massachusetts Payment of Wages Act, Mass. Gen. Laws ch. 149, § 148; the Massachusetts Minimum Fair Wages Act, Mass. Gen. Laws ch. 151, §§ 1A and 15--or its common law: breach of contract or implied contract; money had and received; quantum meruit/unjust enrichment; fraud; negligent misrepresentation; equitable and promissory estoppel; and conversion.

Caritas removed the case to federal district court on the ground that section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, debarred plaintiffs' state law claims and Caritas thereafter moved to dismiss the claims, while Pruell and Gordon moved to remand the case to state court on the ground that removal had been improper.   Section 301 says nothing about

-2-

state claims or removal, but under its aegis the Supreme Court has built an edifice of doctrine that transmutes certain state law claims into federal claims, permits their removal on the basis of federal question doctrine, and in certain instances then allows their dismissal in federal court.[1]

The state claims are so treated because of their relationship to collective bargaining agreements ("CBAs") that are subject to federal labor laws, and section 301 is only one of several preemption doctrines that the Supreme Court has constructed to maintain a uniform federal body of law governing labor matters.

In this instance, after a hearing on the cross motions, the district court in September 2010 granted Caritas' motion to dismiss, primarily because the court viewed the state claims as preempted by federal law and denied the motion of Pruell and Gordon seeking a remand.[2]  To supply the necessary link to CBAs subject to federal law, the district court accepted Caritas' allegation that at least some members of the putative class are represented by unions under various CBAs and it then concluded that the claims

---

[1]Textile Workers Union v. Lincoln Mills, 353 U.S. 448, 451 (1957); Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 220-21 (1985); Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists, 390 U.S. 557, 559-60 (1968).  See generally 4 N.P. Lareau, National Labor Relations Act:  Law and Practice § 36.06 (2d ed. 2010).

[2]Here, twelve of the thirteen counts were dismissed as preempted; the last count was dismissed because the parties agreed that section 15 of Mass. Gen. Laws ch. 151 created no private right of action.

asserted in the case would be preempted because one or more CBAs would have to be interpreted in order to determine whether there had been underpayment of wages and by how much.

Pruell and Gordon now appeal and, the dismissal having been on legal grounds, our review is de novo. O'Donnell v. Boggs, 611 F.3d 50, 53 (1st Cir. 2010). Pruell and Gordon say that their claims rest on state law independent of, and not preempted by, the LMRA and that adjudication of the claims requires no interpretation of any CBA, although calculating damages for union members of the class could require mechanical resort to one or more CBAs. Accordingly, their request is for a remand to state court.

Caritas charges plaintiffs' counsel with having filed copycat complaints, in numerous courts against various hospitals, all with sketchily inadequate factual allegations. It says that the district court properly dismissed the complaint based on complete preemption because CBAs govern the target of the complaint--what hours are compensable and on what terms--and because interpretation of the CBAs would be needed to assess the merits and (if liability did exist) to calculate damages.

Both sides have slid by the threshold issue. In a case of this kind, removal and dismissal based on complete preemption under the LMRA must start with a plaintiff covered by a CBA for it is that fact that establishes subject matter jurisdiction in the federal district court. Avco Corp. 390 U.S. at 560 (1968). If the

-4-

plaintiffs are non-union workers unaffected by any CBA, section 301 and its case law glosses are irrelevant, state law would apply with full force and, assuming removal were possible, it would have to be on some other jurisdictional basis such as diversity not here alleged.

Caritas certainly has contracts with union members--several are in the record--but the parties have left us, and the district court, in the dark as to whether either of the named plaintiffs is covered by a CBA. Both sides think that class members' status is sufficient: thus, Caritas says that various class members are union members but does not even expressly allege that the named plaintiffs are among them. Plaintiffs point to lack of such an allegation as an objection to removal, adding that in any event the claims of non-union class members should not have been dismissed.

Curiously, we have had trouble finding a precedent for a case like this in which removal under section 301 was sought or accomplished without some clear indication that a named plaintiff was an employee covered by a CBA. Several companion cases against other Massachusetts hospitals have been filed by plaintiffs' counsel, and in each it appears to be colorably alleged that the named plaintiffs include union members. Manning v. Boston Med. Ctr. Corp., No. 09-11724-RWZ, 2011 WL 864798, at *2 (D. Mass. Mar. 10, 2011); Cavallaro v. UMass Mem'l Healthcare, Inc., No. 09-40181-

-5-

FDS, slip op. at 8 (D. Mass. Dec. 20, 2010). This is typical in cases that are removed under section 301.

But precedent in related fields resolves the question whether the status of class members matters. The usual rule in class actions is that to establish subject matter jurisdiction one looks only to the named plaintiffs and their claims. See 5 W. Moore et al., Moore's Federal Practice § 23.63[1][b] (3d ed. 2011). This, with occasional modest qualifications, is the rule in determining whether diversity of citizenship exists, whether amount in controversy is established, whether a plaintiff has standing and whether the controversy has become moot.[3]

Indeed, in most respects, the class members other than the named plaintiffs are merely potential parties until subject matter jurisdiction for the named plaintiffs is established and the district court has decided to certify a class. As one circuit court explained, "a class action, when filed, includes only the claims of the named plaintiff or plaintiffs. The claims of unnamed class members are added to the action later, when the action is certified as a class under Rule 23." Gibson, 261 F.3d at 940.

It follows that, as Judge Posner stated, where the "district court never had jurisdiction over the claim of the class

---

[3]Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546 (2005); Snyder v. Harris, 394 U.S. 332, 340 (1969); Gibson v. Chrysler Corp., 261 F.3d 927, 940 (9th Cir. 2001), cert. denied, 534 U.S. 1104 (2002); O'Shea v. Littleton, 414 U.S. 488, 494 (1974); Bd. of Sch. Comm'rs v. Jacobs, 420 U.S. 128 (1975).

-6-

representative . . . it had no jurisdiction over the class action either even if the claims of some of the members of the class were within its jurisdiction." Denberg v. U.S. R.R. Ret. Bd., 696 F.2d 1193, 1197 (7th Cir. 1983) (en banc), cert. denied, 466 U.S. 926 (1984). Neither party offers any citations or argument to suggest that a different rule applies in LMRA preemption cases.

In the present case, the district judge made no determination whether the two named plaintiffs were covered by CBAs; the defendants presumably could find out but apparently have not; and the plaintiffs' counsel, who almost certainly know or could easily determine by asking their clients, remain coy--saying only that the defendants have failed to allege specifically that the named plaintiffs are union members. Nor is the answer otherwise obvious from record documents we have perused.

Accordingly, the district court's subject matter jurisdiction is currently in doubt, the case cannot proceed until that is established, and resolving that issue should be the first order of business on remand. If there is no subject matter jurisdiction because neither plaintiff is covered by a CBA, then the case should never have been removed and must be remanded to the state court. So long as non-union plaintiffs pursue their own claims or represent others who are also not covered by CBAs, that is a state case under state law.

Strictly speaking, the case could be remanded now to the state court on the ground that the defendants have not adequately alleged a basis for removal and that the burden of proof on jurisdiction lies with the party who removed the case to federal court. BIW Deceived v. Local S6, Indus. Union of Marine & Shipbuilding Workers, 132 F.3d 824, 831 (1st Cir. 1997). But, of course, the named plaintiffs may be union members and the coyness of plaintiffs' counsel does invite enough suspicion to warrant limited discovery, Valentin v. Hosp. Bella Vista, 254 F.3d 358, 363 (1st Cir. 2001), if this proves necessary.

Because a CBA might prove to cover one or both of the named plaintiffs, we might expedite matters by considering now the district court's rationale for finding state claims by such a plaintiff to be transmuted into dismissible section 301 claims. The district court pointed to the need for resort to the CBA to determine whether underpayments had occurred and by how much. And the CBA might also contain arbitration or grievance remedies that, as yet unexhausted, channel the complaints away from the federal court. These concerns are common grounds for refusing to allow a removed section 301 action to proceed. See 4 N.P. Lareau, supra note 1, § 36.06[3].

However, current Supreme Court precedents create some uncertainties as to when dismissal of the removed action is

-8-

appropriate,[4] although this circuit has developed case law on certain of these issues, see O'Donnell, 611 F.3d 50; BIW Deceived, 132 F.3d 824; Fleabite v. Pa. Truck Lines, Inc., 131 F.3d 21 (1st Cir. 1997). Review of the district court's rationale is thus unwise, even perhaps inappropriate, unless and until the district court learns whether any CBA is implicated in claims asserted by the named plaintiffs and, if so, the precise terms.

The judgment of the district court is vacated and the matter is remanded for further proceedings consistent with this decision. Each side is to bear its own costs.

It is so ordered.

---

[4]Such uncertainties involve, among other things: what it means to "interpret," rather than merely "consult," a CBA, compare Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 214 (1985) with Livadas v. Bradshaw, 512 U.S. 107, 124 (1994); whether state law rights that a court would regard as non-waivable can nevertheless be preempted, see Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399, 407 n.7(1988); what posture of the federal claim permits removal, see Caterpillar Inc. v. Williams, 482 U.S. 386 (1987); and when a state law claim implicating section 301 should proceed as a federal claim, or simply be dismissed, see Int'l Bhd. of Elec. Workers v. Heckler, 481 U.S. 851 (1987).