# United States Court of Appeals
## For the First Circuit

No. 11-1929

ASHLEIGH PRUELL, on behalf of herself and all other employees
similarly situated; AMY GORDON, on behalf of herself and all
other employees similarly situated,

Plaintiffs, Appellants,

v.

CARITAS CHRISTI; CARITAS CHRISTI NETWORK SERVICES; CARITAS GOOD
SAMARITAN MEDICAL CENTER, INC.; CARITAS NORWOOD HOSPITAL, INC.;
CARITAS SOUTHWOOD HOSPITAL, INC.; CARITAS ST. JOHN OF GOD
HOSPITAL, INC.; SAINT ANNE'S HOSPITAL CORPORATION; RALPH DE LA
TORRE, M.D.; RICHARD KROPP; CARITAS CARNEY HOSPITAL, INC.;
CARITAS HOLY FAMILY HOSPITAL, INC.; CARITAS ST. ELIZABETH'S
MEDICAL CENTER OF BOSTON, INC.; CARITAS CHRISTI RETIREMENT PLAN,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. George A. O'Toole, Jr., U.S. District Judge]

Before
Boudin, Lipez and Thompson,
Circuit Judges.

Guy A. Talia with whom Patrick J. Solomon, Thomas & Solomon
LLP and Dwyer & Collora, LLP were on brief for appellants.
Barry J. Miller with whom Richard L. Alfred, Jessica M.
Schauer and Seyfarth Shaw LLP were on brief for appellees.

April 18, 2012

**BOUDIN**, **Circuit Judge**.    In September 2009, plaintiffs Ashleigh Pruell and Amy Gordon filed suit in the district court in Massachusetts against hospitals and health care providers in the Caritas Christi hospital network ("Caritas"), as well as two hospital executives.[1]  Pruell and Gordon complained of systematic under-compensation--in particular, a failure to compensate them for work performed during their meal break, for work performed before and after shifts, and for time spent attending training sessions.

The complaint set forth several claims under federal law: specifically, that Caritas

> -violated the minimum wage and overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206-207 (2006);
>
> -failed to keep accurate records and to credit all hours worked in violation of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1059(a)(1), 1104(a)(1); and
>
> -engaged in a pattern of mail fraud by sending misleading payroll checks, in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962, 1964(c).

Plaintiffs purport to represent a large class of Caritas employees; the FLSA claim was brought under that statute's "collective action"

---

[1]At the same time, Pruell and Gordon filed a companion suit in Massachusetts state court, asserting similar claims against the same defendants based on state law.  That case was removed to district court and thereafter dismissed.  On appeal, the case was remanded to determine whether it had properly been removed, Pruell v. Caritas Christi, 645 F.3d 81 (1st Cir. 2011), and it remains pending in the district court.

provision, 29 U.S.C. § 216(b), rather than as a class action, but that distinction makes no difference here.

In January 2010, Caritas moved to dismiss plaintiffs' original complaint. The FLSA guarantees covered employees a minimum wage of $7.25 an hour, 29 U.S.C. § 206(a), and payment of one-and-one-half times their regular rate for hours worked in excess of forty in any workweek, id. § 207(a)(1). The district court held that the FLSA claim was deficiently pled, Pruell v. Caritas Christi, No. 09-11466, 2010 WL 3789318 (D. Mass. Sept. 27, 2010), and that this was fatal to the complaint because the ERISA and RICO claims are derivative of the FLSA claim.

The reasoning was straightforward. To state a valid FLSA claim, plaintiffs had to allege (1) that they were employed by Caritas; (2) that their work involved interstate activity; and (3) that they performed work for which they were under-compensated. 29 U.S.C. §§ 206(a), 207(a)(1). The district court found insufficient the allegation of the last element, given the lack of any information on plaintiffs' approximate weekly wages and hours worked, or even an allegation that they had worked in excess of forty hours in any workweek. The court granted plaintiffs leave to amend the complaint. Pruell, 2010 WL 3789318 at *3-*5.

In October 2010, plaintiffs filed their amended complaint, adding only the general allegation that the named plaintiffs and the 12,000 putative class members "regularly worked"

over 40 hours a week and were not compensated for such time. In June 2011, on Caritas' renewed motion, the district court found that the FSLA claim remained deficient; it said also that the allegation of employment--providing no information about the named plaintiffs' specific employer or positions--was too vague. Pruell v. Caritas Christi, No. 09-11466 (D. Mass. July 13, 2011).

The district court this time refused to permit further amendment and dismissed the complaint with prejudice. The plaintiffs now appeal. Review of the district court's dismissal of the claims is de novo, Estate of Bennett v. Wainwright, 548 F.3d 155, 162-63 (1st Cir. 2008), and the denial of leave to amend further is reviewed for abuse of discretion, Universal Commc'n Sys., Inc. v. Lycos, Inc., 478 F.3d 413, 418 (1st Cir. 2007).

The need for pleading specificity in federal complaints has been somewhat unsettled since the Supreme Court's decisions in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009). The Federal Rules of Civil Procedure have long provided for "notice pleading," requiring a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), but the Supreme Court also made clear in Twombly that

> Rule 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the

-4-

nature of the claim, but also "grounds" on which the claim rests.

550 U.S. at 555 n.3.

Indeed, well before <u>Twombly</u> and <u>Iqbal</u>, specificity requirements had been stiffened in many circuit courts, <u>see</u> <u>Twombly</u>, 550 U.S. at 562 (collecting cases), redressing what had been a much earlier swing of the pendulum to the other end of its arc, <u>e.g.</u>, <u>Conley</u> v. <u>Gibson</u>, 355 U.S. 41 (1957); other pressures for tightening up have come from growing dockets, the enormous cost of modern discovery, and the benefits to court and parties of sorting out hopeless claims early on. But, as in any transition, there remain issues of fair warning and elucidation.

To allege an employment relationship, plaintiffs in this case state: "At all relevant times, Ashleigh Pruell and Amy Gordon ("Plaintiffs") were employees under the FLSA, employed by defendants within this district and reside within this District"; and to allege underpayment of overtime, the complaint as amended says: "Throughout their employment with defendants, Plaintiffs regularly worked hours over 40 in a week and were not compensated for such time, including the applicable premium pay." Amended Complaint ¶¶ 75-76, <u>Pruell</u>, No. 09-11466.

The key statement--"regularly worked hours over 40 in a week and were not compensated for such time"--is one of those borderline phrases. As we explained in <u>Peñalbert-Rosa</u> v. <u>Fortuño-Burset</u>, "some allegations, while not stating ultimate legal

-5-

conclusions, are nevertheless so threadbare or speculative that they fail to cross 'the line between the conclusory and the factual.'" 631 F.3d 592, 595 (1st Cir. 2011) (quoting Twombly, 550 U.S. at 557 n.5). Standing alone, the quoted language is little more than a paraphrase of the statute.

The general allegations found inadequate in Iqbal were themselves "factual" assertions but highly general and made without offering any detail, Peñalbert, 631 F.3d at 595, and prior First Circuit cases are to the same effect, id. at 595 n.2. Similarly, Plumbers' Union Local No. 12 Pension Fund v. Nomura Asset Acceptance Corp., 632 F.3d 762, 771 (1st Cir. 2011), warned that

> [t]o state a claim, the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); "'naked assertions devoid of further factual enhancement'" need not be accepted, Maldonado v. Fontanes, 568 F.3d 263, 266 (1st Cir. 2009) (quoting Iqbal, 129 S. Ct. at 1949); and "[i]f the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal," [SEC v. Tambone, 597 F.3d 436, 442 (1st Cir. 2010) (en banc)].

The harder question is whether the deficiency is cured by three general allegations in the complaint--namely, charges that Caritas requires unpaid work through meal-breaks due to an automatic timekeeping deduction, unpaid preliminary and

-6-

postliminary work, and unpaid training sessions. The first is the most concrete and so can stand in for the others. In a nutshell, the complaint said that the plaintiffs and other class members regularly worked through their lunch breaks but that the computer system tracking time for compensation automatically deducted a half hour for lunch.

Arguably, once the complaint was amended to allege regular work by plaintiffs and others of more than 40 hours a week, it now described a mechanism by which the FLSA <u>may have been violated</u> as to those who worked through their lunches. But such persons could still have been properly compensated under the FLSA: in particular, various forms of "work" may not be not compensable. <u>See</u> 29 U.S.C. § 254(a) (non-"principal" preliminary or postliminary work not compensable); 29 C.F.R. §§ 785.27-785.32 (various types of training not compensable); <u>id.</u> § 785.47 (insignificant time beyond scheduled working hours not compensable).

Yet even the amended complaint does not provide examples (let alone estimates as to the amounts) of such unpaid time for either plaintiff or describe the nature of the work performed during those times. Also, additional compensation--say, premium pay above the time-and-a-half mandatory rate, or differential pay for certain shifts--may offset any deficiency created by other uncompensated time. <u>See</u> 29 U.S.C. § 207(e)(5)-(7), (h); 29 C.F.R. § 778.200, 778.202.

As defendants are quick to point out, similar complaints have been filed around the country in hospital compensation cases using boilerplate complaints of this character; and counsel may have some incentive to keep the claims unspecific to achieve the largest possible class. A number of district courts, although not all, have expressed their displeasure and found the complaints inadequate.[2] Class actions are useful to remedy widespread wrongs, but such lawsuits still require at the outset a viable named plaintiff with a plausible claim. In that respect, this complaint even as amended is deficient although not by a large margin.

It is also telling that when the district court asked for more detail, plaintiffs' amendment offered the barest possible minimum--again with no detail as to either plaintiff. Cf. Kueter v. Rancourt, 89 F.3d 823 (1st Cir. 1996) (unpublished table decision) (warnings about adequacy of original complaint relevant to assessing adequacy of amended complaint). Adequacy is not always a clear line; and when the district judge asks for more

---

[2]Compare Davis v. Abington Mem'l Hosp., No. 09-5520, 2011 WL 4018106, at *4 (E.D. Pa. Sept. 8, 2011), and DeSilva v. North Shore-Long Island Jewish Health Sys., Inc., 770 F. Supp. 2d 497, 508-10 (E.D.N.Y. Mar. 16, 2011), and Manning v. Boston Med. Ctr. Corp., No. 09-11463, 2011 WL 796505, at *1-*2 (D. Mass. Feb. 28, 2011), and Nakahata v. New York Presbyterian Healthcare Sys., Inc., No. 10 Civ. 2661, 2011 WL 321186, at *4 (S.D.N.Y. Jan. 28, 2011), with Meyers v. Crouse Health Sys., Inc., 274 F.R.D. 404 (N.D.N.Y. 2011), and Hamelin v. Faxton-St. Luke's Healthcare, 274 F.R.D. 385 (N.D.N.Y. 2011).

-8-

specifics, a serious effort to flesh out the complaint is fairly to be expected.

Plaintiffs' counsel says that (after the complaint and in aid of conditional certification) they submitted additional information by affidavit, albeit late in the day and not as an amendment to the complaint. These affidavits do identify the employee position and hospital name for the plaintiffs. But this is an answer to a different concern--raised only later by the district judge, likely in response to his colleague's opinion in Cavallaro v. UMass Mem'l Health Care Inc., No. 09-40152, 2011 WL 2295023 (D. Mass. June 8, 2011); and the affidavits added nothing to show that the plaintiffs were in fact under-compensated.

Nevertheless, we think the motion to amend should be allowed. The precedents on pleading specificity are in a period of transition, and precise rules will always be elusive because of the great range and variations in causes of action, fact-patterns and attendant circumstances (e.g., warnings, good faith of counsel). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S. Ct. at 1950.

While specifics as to the named plaintiffs here are lacking, some of the information needed may be in the control of defendants. Plaintiffs certainly know what sort of work they

-9-

performed and presumably know how much they were paid as wages; but precisely how their pay was computed and based upon what specific number of hours for particular time periods may depend on records they do not have.  Complaints cannot be based on generalities, but some latitude has to be allowed where a claim looks plausible based on what is known.

Finally, the district judge said originally that there was no allegation that the plaintiffs worked more than forty hours; the plaintiffs then supplied such an allegation; and perhaps plaintiffs' counsel here were genuinely uncertain about just what more the district court wanted.  Under all of these circumstances we think another amendment should be permitted, and it would be helpful on remand for the district judge to indicate to plaintiffs what deficiencies remain and what the court expects to be supplied in a final amended complaint.

The judgment is <u>affirmed</u> so far as it finds the complaint inadequate to state an FLSA claim, but the dismissal with prejudice is <u>vacated</u>, and the case <u>remanded</u> to give the plaintiffs a final opportunity to file a sufficient complaint.  Each side shall bear its own costs on this appeal.

<u>It is so ordered.</u>