12-0630; 12-0670
Hinterberger v. Catholic Health; Gordon v. Kaleida Health

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of August, two thousand thirteen.

PRESENT:
        DENNIS JACOBS,
                <u>Chief Judge</u>,
        GUIDO CALABRESI,
        RALPH K. WINTER,
                <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - - - -X
GAIL HINTERBERGER, BEVERLY WEISBECKER, CYNTHIA WILLIAMS, MARCIA CARROLL, on behalf of themselves and all other employees similarly situated,

             <u>Plaintiffs -Appellants</u>,

v.                             12-0630

CATHOLIC HEALTH SYSTEMS, INC., JOSEPH MCDONALD, MICHAEL MOLEY, CHESTNUT RIDGE MEDICAL SUPPLIES, INC., CATHOLIC HEALTH SYSTEM PROGRAM OF ALL INCLUSIVE CARE FOR THE

ELDERLY, INC., CATHOLIC HEALTH SYSTEM CONTINUING CARE FOUNDATION, KENMORE MERCY HOSPITAL, MCAULEY SETON HOME CARE CORPORATION, MERCY HOSPITAL OF BUFFALO, NAZARETH HOME OF THE FRANCISCAN SISTERS OF THE IMMACULATE CONCEPTION, NIAGARA HOMEMAKER SERVICES, INC., SISTERS OF CHARITY HOSPITAL OF BUFFALO, NEW YORK, ST. ELIZABETH'S HOME OF LANCASTER, NEW YORK, ST. FRANCIS GERIATRIC AND HEALTHCARE SERVICES, INC., ST. FRANCIS HOME OF WILLIAMSVILLE, NEW YORK, ST. JOSEPH HOSPITAL OF CHEEKTOWAGA, NEW YORK, ST. JOSEPH'S MANOR OF OLEAN, N.Y., ST. VINCENT'S HOME FOR THE AGED, ST. CLARE MANOR OF LOCKPORT, N.Y., ST. LUKE MANOR OF BATAVIA, N.Y., OUR LADY OF VICTORY RENAISSANCE CORPORATION, CHESTNUT RIDGE FAMILY PRACTICE, PLLC, ST. MARY'S MANOR,

**Defendants-Appellees.**


- - - - - - - - - - - - - - - - - - - - - -X

CATHERINE GORDON, JAMES SCHAFFER, TERESA THOMPSON, PAMELA MIKA, JENNIFER PFENTNER, DIANA GALDON, on behalf of themselves and all other employees similarly situated,

**Plaintiffs- Appellants,**

v.                                          12-0670

KALEIDA HEALTH, JAMES R. KASKIE, DAVID R. WHIPPLE, MFHS MANAGED CARE, INCORPORATED, FAMILY PHARMACEUTICALS, WESTLINK CORPORATION, COMMUNITY MEDICAL PC, GENERAL PHYSICIANS PC, MILLARD FILLMORE AMBULATORY SURGERY CENTER, VISITING NURSING ASSOCIATION OF WESTERN NEW YORK, INCORPORATED, VNA HOME CARE SERVICES, INCORPORATED, VNA OF WNY, INCORPORATED, GENERAL HOMECARE, INCORPORATED, WATERFRONT

2

**HEALTH CARE CENTER, INCORPORATED, KALEIDA HEALTH FOUNDATION, WOMEN AND CHILDREN'S HOSPITAL OF BUFFALO FOUNDATION, KALEIDA IPA, LLC, KALEIDA MCO, LLC, GRACE MANOR HEALTH CARE FACILITY, INCORPORATED, SCHENK PHYSICAL THERAPY, PC,**

<u>**Defendants-Appellees.**</u>

- - - - - - - - - - - - - - - - - - - - - -X

**FOR APPELLANTS:**        GUY A. TALIA (J. Nelson Thomas, Michael J. Lingle, <u>on the brief</u>), Thomas & Solomon LLP, Rochester, NY.

**FOR APPELLEES:**        MARK A. MOLLOY & SUSAN C. RONEY (Todd R. Shinaman, Joseph A. Carello, Lynnette Nogueras-Trummer, <u>on the brief</u>), Nixon Peabody LLP, Buffalo, NY.

Appeals from judgments of the United States District Court for the Western District of New York (Skretny, <u>C.J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgments are **VACATED AND REMANDED.**

Gail Hinterberger, Beverly Weisbecker, Cynthia Williams, Marcia Carroll, Catherine Gordon, James Schaffer, Teresa Thompson, Pamela Mika, Jennifer Pfentner, and Diana Galdon (collectively, the "employees") appeal from the judgments of the United States District Court for the Western District of New York (Skretny, <u>C.J.</u>), denying their motions to remand to state court, and dismissing their complaints. We review a denial of a motion to remand to

3

state court de novo. Shafii v. British Airways, PLC, 83 F.3d 566, 570 (2d Cir. 1996). We also review the grant of a motion to dismiss de novo. City of Omaha v. CBS Corp., 679 F.3d 64, 67 (2d Cir. 2012). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

The employees argue that the case should have been remanded to state court because the district court lacked jurisdiction over their claims. "[F]ederal subject-matter jurisdiction can be founded only on those allegations in a complaint that are well pleaded." Sullivan v. Am. Airlines, Inc., 424 F.3d 267, 271 (2d Cir. 2005) (internal quotation marks omitted). "The artful-pleading doctrine, a corollary to the well-pleaded-complaint rule, rests on the principle that a plaintiff may not defeat federal subject-matter jurisdiction by artfully pleading his complaint as if it arises under state law where the plaintiff's suit is, in essence, based on federal law." Id. at 272 (internal quotation marks omitted). "The artful pleading doctrine allows removal where federal law completely preempts a plaintiff's state-law claim." Rivet v. Regions Bank of La., 522 U.S. 470, 475 (1998). However, only a handful of

4

federal statutes support "complete preemption." Sullivan, 424 F.3d at 272 (noting that the Supreme Court has only recognized the Employee Retirement Income Security Act ("ERISA"), Labor-Management Relations Act ("LMRA"), and the National Bank Act as members of this select group). In cases involving these statutes, federal law "substitutes a federal cause of action for the state cause of action, thereby manifesting Congress's intent to permit removal." 7 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3722.2 (4th ed. 2012).

Here, the district court held that it had subject matter jurisdiction because the Fair Labor Standards Act ("FLSA") precluded the employees' claims "to the extent [they were] seeking unpaid overtime wages that are available under the FLSA". Hinter[b]erger v. Catholic Health Sys., No. 08 Civ. 948S (WMS), 2012 WL 125152, at *4-7 (W.D.N.Y. Jan. 17, 2012). The court reasoned: "[a]lthough the Second Circuit has held that *statutory* wage claims under the NYLL . . . are not preempted by the FLSA, it has not yet considered whether preemption applies when unpaid wages are sought . . . via *common law* claims." Id. at *5. This was error. The Supreme Court has not extended complete

5

preemption to the FLSA.  The district court had no subject matter jurisdiction on the basis of the FLSA.[1]

However, it is possible that the district court did have jurisdiction on the basis of "complete" LMRA preemption.  "[T]he preemptive force of [LMRA] § 301 is so powerful as to displace entirely any state cause of action 'for violation of contracts between an employer and a labor organization.'  Any such suit is purely a creature of federal law, notwithstanding the fact that state law would provide a cause of action in the absence of § 301."  Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 23 (1983) (citation omitted).  If the named plaintiffs were covered by collective bargaining agreements ("CBAs"), then the district court had subject matter jurisdiction over their claims.  Otherwise state law would apply, and remand to state court would be appropriate because there would be no other basis for subject matter jurisdiction alleged.

---

[1] The health systems may still have an opportunity later down the line to present an *ordinary* FLSA preemption defense, but it is not sufficient to vest federal subject matter jurisdiction. Domnister v. Exclusive Ambulette, Inc., 607 F.3d 84, 92 (2d Cir. 2010); Sullivan, 424 F.3d at 277-78.

The employees argue that LMRA preemption is irrelevant because the health systems failed to cross-appeal on that issue. However, "[a] cross-appeal . . . is not necessary to challenge the subject-matter jurisdiction of the district court, under the well-established rule that both district court and appellate courts are obliged to raise such questions on their own initiative." 15A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3904 (4th ed. 2012); see Mitchell v. Maurer, 293 U.S. 237, 244 (1934) ("An appellate federal court must satisfy itself not only of its own jurisdiction, but also of that of the lower courts in a cause under review." (citations omitted)).

Unfortunately, the record does not indicate whether the named plaintiffs are union members bound by CBAs. The district court observed that it lacked adequate information to determine "which Plaintiffs are members of a bargaining unit or which CBAs are relevant." Hinter[b]erger, 2012 WL 125152, at *4.

This precise problem was encountered in a related class action suit before the First Circuit. See Pruell v. Caritas Christi, 645 F.3d 81, 83 (1st Cir. 2011). As the First Circuit did, we remand for limited discovery to determine whether the plaintiffs were union members. See id. at 84.

7

Following the procedures set forth in <u>United States v. Jacobson</u>, 15 F.3d 19, 22 (2d Cir. 1994), a mandate shall issue forthwith remanding the case to the district court for it to decide, after any discovery proceedings it deems necessary, whether the named plaintiffs were union members subject to CBAs, and whether it has subject matter jurisdiction as a result.  Either party to this appeal may restore jurisdiction to this court within 30 days of entry of the district court's judgment by letter to the Clerk's Office, without need for a new notice of appeal.  The Clerk's Office will then set a briefing schedule and refer the appeal to this panel for disposition without oral argument unless otherwise ordered.

We have considered all of the employees' remaining arguments and find them to be without merit.  Accordingly, the judgments of the district court with respect to subject matter jurisdiction are hereby **VACATED AND REMANDED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

8