José A. LÓPEZ–RIVERA, Plaintiff,

v.

**HOSPITAL AUXILIO MUTUO, INC., et al., Defendants.**

**Civil No. 16–1129 (ADC)**

United States District Court, D. Puerto Rico.

Signed 03/30/2017

Michelle Annet Ramos–Jimenez, Luis Rafael Rivera Law Office, San Juan, PR, for Plaintiff.

Ruy V. Diaz–Diaz, Arroyo, Monrouzean & Associates, San Juan, PR, Gloria M. De–Corral–Hernandez, De Corral & De Mier, LLP, San Juan, PR, Juan M. Masini–Soler, Juan Masini Soler Law Office, San Juan, PR, Roberto E. Ruiz–Comas, RC Law and Litigation Services PSC, San Juan, PR, Sigrid Lopez–Gonzalez, Sigrid Lopez Gonzalez Law Offices, San Juan, PR, Luz V. Quinones–Rivera, Roberto Sueiro–Del–Valle, Gilda Del C. Cruz–Martino, San Juan, PR, for Defendants.

## OPINION AND ORDER

AIDA M. DELGADO–COLÓN, Chief United States District Judge.

On January 22, 2016, plaintiff José A. López–Rivera ("López") initiated this diversity tort action by filing a complaint against Hospital Auxilio Mutuo, Inc. ("hospital"), a group of doctors at the hospital, the doctors' spouses and Conjugal Partnerships, and the insurer SIMED. **ECF No. 1.** López claims emotional damages due to the death of his father, Anibal López, by acute myocardial infarction on January 25, 2015, following his father's admission to the hospital's emergency room the prior evening. *Id.* On February 29, 2016, López amended the complaint as a matter of course, adding two new co-defendants: EM Physicians of Puerto Rico, P.S.C. ("EM Physicians"), the doctors' alleged employer; and Admiral Insurance Company ("Admiral"), EM Physicians' alleged insurer. **ECF No. 4.** EM Physicians and Admiral (jointly "defendants") have timely moved the Court to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). **ECF No. 38.** López opposes the motion. **ECF No. 56.** The Court now grants defendants' motion and dismisses the action without prejudice.

Defendants argue that the Court should dismiss the amended complaint for two reasons: it is time-barred, and it also fails to state a claim. *See* **ECF No. 38.** Because the Court can easily dispose of this matter

on the latter ground, the Court will address only the facial insufficiency of the amended complaint. The Court expresses no view about the timeliness of the action.

■■■■ "[T]o survive a motion to dismiss, a complaint must include 'enough facts to state a claim to relief that is plausible on its face'" *In re ARIAD Pharms. Sec. Litig.*, 842 F.3d 744, 756 (1st Cir. 2016) (quoting *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "[W]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted) (quoting *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)). Moreover, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Labor Relations Div. of Constr. Indus. of Mass., Inc.* v. *Healey*, 844 F.3d 318, 327 (1st Cir. 2016) (quoting *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (quoting *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937).

■■■■ "Federal courts sitting in diversity apply the substantive law of the state and, pursuant to statute, Puerto Rico is treated as a state for diversity purposes." *Quality Cleaning Prods. R.C., Inc.* v. *SCA Tissue N. Am., LLC*, 794 F.3d 200, 204 (1st Cir. 2015) (citing *Erie R.R. Co.* v. *Tompkins*, 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); then citing 28 U.S.C. § 1332(e)). "Under the law of torts in Puerto Rico, including medical malpractice ..., relatives are entitled to 'compensation for the sufferings, emotional distress, or mental anguish experienced as a consequence of the material or other damages caused directly to their relatives.'" *Santana–Concepcion* v. *Centro Medico del Tura-*

*bo, Inc.*, 768 F.3d 5, 10 (1st Cir. 2014) (quoting *Santini Rivera* v. *Serv Air, Inc.*, 137 D.P.R. 1, 10 (P.R. 1994) (official translation)). But the tort claim of a relative, like López, "is derivative and depends on the viability of the underlying claim of the relative," his father, who suffered the primary injury. *Mendez–Matos* v. *Municipality of Guaynabo*, 557 F.3d 36, 57 (1st Cir. 2009) (citing *Caban Hernández* v. *Philip Morris USA, Inc.*, 486 F.3d 1, 12–13 (1st Cir. 2007)). Thus, to state his own claim, López must allege facts that show it is plausible that his father was the victim of medical malpractice.

■■■■ "A successful medical malpractice claim, under Puerto Rico law, requires a party to establish '(1) the duty owed; (2) an act or omission transgressing that duty; and (3) a sufficient causal nexus between the breach and the harm.'" *Rosa–Rivera* v. *Dorado Health, Inc.*, 787 F.3d 614, 620–21 (1st Cir. 2015) (quoting *Marcano Rivera* v. *Turabo Med. Ctr. P'ship*, 415 F.3d 162, 167 (1st Cir. 2005); then citing P.R. Laws Ann. tit. 31, § 5141). Moreover, under Puerto Rico law, a health-care provider "is presumed to have exercised reasonable care in the discharge of his functions." *Medina Santiago* v. *Velez*, 20 P.R. Offic. Trans. 399, 404, 120 D.P.R. 380, 385 (P.R. 1988) (citing *Rivera* v. *Dunscombe*, 73 P.R.R. 764, 783, 73 D.P.R. 819 (P.R. 1952)). Thus, "[t]he occurrence of an accident is not itself sufficient to prove negligence" in a case of alleged medical malpractice. *Id.* Similarly, because physicians cannot "guarantee a favorable result in each case, failure in the treatment prescribed or in the diagnosis made does not alone constitute a negligent act." *Id.*

■■■■ In their motion to dismiss, defendants complain that "[t]he facts alleged in the Amended Complaint do not specify what was the performance or conduct that resulted in [the] medical malpractice and

negligence that allegedly lead to the death of [López's] father." **ECF No. 38** at 8. Defendants correctly observe that "[a]fter stating the medical treatment" provided to López's father, the amended complaint simply "concludes negligence and medical malpractice, without stating specifically in what conduct the [allegation of] medical malpractice is based upon." *Id.* at 8–9. Those "conclusions," which occur in Sections V and VI of the amended complaint where López alleges his cause of action and damages, "are mere recitations of the elements of the claim." *Id.* at 9 (citing **ECF No. 4**, ¶¶ 44–48). Finally, defendants argue that the death of a patient under active medical care does not, without more, provide a sufficient basis upon which to find it plausible that the care, itself, was negligent or constituted malpractice. *Id.*

In an oversized eighteen-page response, filed over five weeks later, with an untranslated Spanish-language exhibit in violation of Local Civil Rule 5(g), López—as represented by his lawyer, Michelle Annet Ramos Jimenez—repeats verbatim, paragraph by paragraph, the factual allegations, cause of action, and prayer for damages from the amended complaint. *Compare* **ECF No. 56**, ¶¶ 5–50, *with* **ECF No. 4**, ¶¶ 3–48. Next, López spends two pages rehearsing one of the best-known standards in civil litigation, the evaluation of the facial sufficiency of a complaint. *See* **ECF No. 56**, ¶¶ 51–55. Finally, López devotes the remainder of his response to the argument that his action is not time-barred under the applicable statute of limitations. *See id.*, ¶¶ 56–75. At which point, the opposition just ends, without having ever opposed defendants' contention that the amended complaint fails to state a claim upon which relief can be granted. Accordingly, the Court deems unopposed that aspect of defendants' motion to dismiss.

The Court agrees with defendants that the amended complaint warrants dismissal under Federal Rule of Civil Procedure 12(b)(6) because it fails to state a claim to relief that is plausible on its face. *See* **ECF No. 38** at 5–11. The amended complaint simply lists a short chronology of facts that appear to have been copied—without comment, explanation, or even a deciphering of medical jargon or abbreviations—from the hospital records of López's deceased father. *See* **ECF No. 4**. Those facts show that, on the evening of January 24, 2015, López's father was admitted to the hospital's emergency room with a "chief complaint [of] throat pain," but also "burning and cramp irradiating to his chest." *Id.*, ¶¶ 13, 15. After a series of examinations and treatments, as well as a momentary discharge from the hospital more than seventeen hours before his death, López's father died on January 25, 2015, over twenty-four hours after he was first admitted. *Id.*, ¶¶ 22–38. According to an autopsy conducted two days later, one of the causes of his death was "acute myocardial infarction." *Id.*, ¶¶ 41–42. Under Puerto Rico law, those rote allegations, without more, do not suggest medical malpractice for the simple reason that physicians cannot "guarantee a favorable result in each case." *Medina Santiago*, 20 P.R. Offic. Trans. at 404, 120 D.P.R. 380. Even if a trained physician could decipher the amended complaint's litany of alleged facts and detect an error in the care provided, "an accident is not itself sufficient to prove negligence." *Id.*

It is possible that López's father was a victim of medical malpractice, but it is also possible that he was not. The amended complaint does nothing to suggest that the former possibility is plausible, as required to survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). At best, the amended complaint, in Section V (Causes of Action), summarily alleges,

"All co-defendants breached their duty, were negligent and committed medical malpractice because the treatment provided to Anibal López deviated from the accepted standards of care." **ECF No. 4,** ¶ 47. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Labor Relations Div. of Constr. Indus. of Mass.,* 844 F.3d at 327 (quoting *Iqbal,* 556 U.S. at 678, 129 S.Ct. 1937). As a result, the amended complaint "stops short of the line between possibility and plausibility of entitlement to relief." *In re ARIAD Pharms. Sec. Litig.,* 842 F.3d at 756 (internal quotation marks omitted) (quoting *Iqbal,* 556 U.S. at 678, 129 S.Ct. 1937).

Relatedly, López's failure to identify the specific acts or omissions that constituted the alleged malpractice results in an amended complaint that does not provide the defendants with a sufficiently "plain statement of the claims showing that the pleader is entitled to relief." *Pruell* v. *Caritas Christi,* 678 F.3d 10, 12–13 (1st Cir. 2012) (quoting Fed. R. Civ. P. 8(a)(2)). Even under the rules of "notice pleading," the plaintiff must "satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Id.* at 13 (quoting *Twombly,* 550 U.S. at 555 n.3, 127 S.Ct. 1955). And, the amended complaint, quite simply, provides the defendants with no indication of where López believes the alleged malpractice occurred. Thus, the amended complaint fails to be "adequate" for two separate, but related, reasons: It does not "provide fair notice to the defendants," nor does it "state a facially plausible legal claim [against the defendants]." *See Ocasio–Hernández* v. *Fortuño–Burset,* 640 F.3d 1, 12 (1st Cir. 2011).

In neither his opposition to the motion to dismiss, nor anywhere else, does López ask the Court for leave to amend his complaint again. Thus, the Court shall dismiss the complaint, as requested, pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* **ECF No. 38.** Normally, "a Rule 12(b)(6) dismissal is with prejudice" because it "constitutes 'a final decision on the merits'" *Hochendoner* v. *Genzyme Corp.,* 823 F.3d 724, 736 (1st Cir. 2016) (citing Fed. R. Civ. P. 41(b); then quoting *United States ex rel. Karvelas* v. *Melrose–Wakefield Hosp.,* 360 F.3d 220, 241 (1st Cir. 2004)). However, an involuntary dismissal may also occur without prejudice. *See Rodríguez* v. *Suzuki Motor Corp.,* 570 F.3d 402, 407–09 (1st Cir. 2009). Here, the Court finds no bad faith in the filing of the action and sees no reason, under present circumstances, to punish López for the ineffective filings of his attorney. Thus, the Court will dismiss the action without prejudice.

In sum, the Court hereby **GRANTS** defendants' motion to dismiss, *see* **ECF No. 38,** and, thus, **DISMISSES WITHOUT PREJUDICE** the amended complaint, *see* ECF No. 4. The Clerk of Court shall enter judgment accordingly and close the case.

**SO ORDERED.**