GUSTAVO A. GELPI, United States District Judge
Plaintiff José A. López Rivera initiated this diversity tort action by filing a complaint against Hospital Auxilio Mutuo, Inc., a group of doctors at the hospital, the doctors' spouses and Conjugal Partnerships, the insurer SIMED, EM Physicians of Puerto Rico, PSC, and Admiral Insurance Company. (Docket No. 1). Two co-defendants, EM and Admiral Insurance, filed a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure arguing that the complaint fails to state a plausible claim for relief and the cause of action is time-barred. After reviewing the parties' submissions and applicable law, the Court DENIES EM and Admiral's motion to dismiss.
I. Standard of Review
When considering a motion to dismiss for failure to state a claim upon which relief can be granted, the Court analyzes the complaint in a two-step process under the current context-based "plausibility" standard established by the Supreme Court. See FED. R. CIV. P. 12(b)(6), Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012) (citing Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011), which discusses Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) and Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) ). First, the Court must "isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements." Id. A complaint does not need detailed factual allegations, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678-79, 129 S.Ct. 1937. Second, the Court must then "take the complaint's well-[pleaded] (i.e., non-conclusory, non-speculative) facts as true, drawing all reasonable inferences in the pleader's favor, and see if they plausibly narrate a claim for relief." Schatz, 669 F.3d at 55. Plausible means something more than merely possible, and gauging a pleaded situation's plausibility is a context-specific job that compels the Court to draw on its judicial experience and common sense. Id. (citing Iqbal, 556 U.S. at 678-79, 129 S.Ct. 1937 ). This "simply calls for enough facts to raise a reasonable expectation that discovery will reveal *141 evidence of" the necessary element. Twombly, 550 U.S. at 556, 127 S.Ct. 1955.
"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n'-'that the pleader is entitled to relief.' " Iqbal, 556 U.S. at 679, 129 S.Ct. 1937 (quoting FED. R. CIV. P. 8(a)(2) ). If, however, the "factual content, so taken, 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged,' the claim has facial plausibility." Ocasio-Hernández, 640 F.3d at 12 (quoting Iqbal, 556 U.S. at 678, 129 S.Ct. 1937 ).
The test is somewhat different for 12(b)(6) motions based on a statute of limitations defense. The Court may grant a motion to dismiss based on a limitations defense "only if the facts, so derived and viewed in the requisite perspective, 'leave no doubt that an asserted claim is time-barred.' " Warren Freedenfeld Assocs., Inc. v. McTigue, 531 F.3d 38, 44 (1st Cir. 2008) (quoting LaChapelle v. Berkshire Life Ins. Co., 142 F.3d 507, 509 (1st Cir. 1998) (emphasis added)). In its assessment, the Court may rely on facts outside the pleadings, including facts susceptible to judicial notice, concessions in the plaintiff's response, and documents of undisputed authenticity. See Martinez-Rivera v. Commonwealth of Puerto Rico, 812 F.3d 69 (1st Cir. 2016) ("The parties (and we) rely on facts outside the pleadings. But that is okay given the particular circumstances here."); Arturet-Vélez v. R.J. Reynolds Tobacco, Co., 429 F.3d 10, 13 n. 2 (1st Cir. 2005) ; Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993).
II. Factual and Procedural Background
On January 24, 2015, plaintiff López Rivera's father visited the Auxilio Mutuo Hospital's Emergency Room and complained of throat pain. (Docket No. 1 ¶ 13-15). He was submitted to some examinations, prescribed medication, and treated by numerous doctors at the Hospital. Id. ¶¶ 14-37. López's father died almost 24 hours later. Id. ¶ 38.
A. Prior Complaint
On January 22, 2016, his son filed a complaint seeking emotional damages due to Defendants' negligence. Id. ¶ 43; see also Lopez-Rivera v. Hospital Auxilio Mutuo, Inc., 247 F.Supp.3d 185 (2017) ; (Case No. 16-1129 (ADC)). Over the course of 30 paragraphs, López Rivera alleged every action taken during his father's 24-hour visit to the Hospital, detailing every exam, inspection, and medication his father was subjected to. (Case No. 16-1129 (ADC), Docket No. 1 ¶¶ 11-40). As to the causes of action, López Rivera asserted his father died due to lack of appropriate care by all co-defendants, who owed him a duty of due care and breached their duty. Id. ¶¶ 41-45.
According to López Rivera, he did not learn of EM Physicians of Puerto Rico and Admiral Insurance Company's existence and their relationship with the other co-defendants until February 26, 2016. (Docket No. 62 at 9). Thus, three days later, he filed an amended complaint adding EM and Admiral to the case. Id. at 10. Shortly after, all co-defendants moved to dismiss the case, arguing the complaint failed to state a claim and was time-barred. See Lopez-Rivera, 247 F.Supp.3d at 186. On April 3, 2017, the Court dismissed the case without prejudice for failure to state a claim. (Docket No. 1 ¶ 44); Lopez-Rivera, 247 F.Supp.3d at 186. Because that single issue was dispositive, the Court did not consider whether the claim was time-barred. Lopez-Rivera, 247 F.Supp.3d at 187.
*142 B. Instant Complaint
A month after the Court dismissed his prior complaint without prejudice, López Rivera filed a new complaint before the Court. (Docket No. 1). The instant complaint expands upon the prior's causes of action. In the complaint, López Rivera alleges that Defendants failed to provide the required medical attention to his father, adequately diagnose and treat his father, perform an adequate physical exam to diagnose his father, among other new allegations. See, e.g., id. ¶¶ 46-48. This time, only EM and Admiral moved to dismiss the case for the same reasons as in the prior case-that the complaint fails to state a plausible claim for relief and the cause of action is time-barred. (Docket No. 24). Plaintiff responded in opposition, arguing that the cause of action is not time-barred because he filed within one year of knowing about EM and Admiral's existence. (Docket No. 62).
III. Discussion
A. Plausible Claim for Relief
Defendants argue that López Rivera has not alleged sufficient facts to state a plausible claim for relief in a personal action for medical malpractice. (Docket No. 24 at 5); see also Cason v. Puerto Rico Elec. Power Auth., 770 F.3d 971, 974-75 (1st Cir. 2014) (explaining the two separate causes of action for wrongful death under Puerto Rico law). Article 1802 of the Puerto Rico Civil Code governs medical malpractice. P.R. LAWS ANN. tit. 31, § 5141. "Under the law of torts in Puerto Rico, including medical malpractice ... relatives are entitled to 'compensation for the sufferings, emotional distress, or mental anguish experienced as a consequence of the material or other damages caused directly to their relatives.' " Santana-Concepcion v. Centro Medico del Turabo, Inc., 768 F.3d 5, 10 (1st Cir. 2014) (quoting Santini Rivera v. Serv Air, Inc., 137 P.R. Dec. 1, 10, 1994 WL 909527 (1994) (official translation)). But the tort claim of a relative "is derivative and depends on the viability of the underlying claim of the relative," his father, who suffered the primary injury. Mendez-Matos v. Municipality of Guaynabo, 557 F.3d 36, 57 (1st Cir. 2009) (citing Caban Hernández v. Philip Morris USA, Inc., 486 F.3d 1, 12-13 (1st Cir. 2007) ). Thus, to state his own claim, López Rivera must allege facts that show it is plausible that his father was the victim of medical malpractice.
A prima facie case for medical malpractice under the Civil Code requires proof of three elements: "(i) the duty owed (i.e., the minimum standard of professional skill and knowledge required in the relevant circumstances), (ii) an act or omission transgressing that duty, and (iii) a sufficient causal nexus between the breach of duty and the harm claimed." Borges ex rel. S.M.B.W. v. Serrano-Isern, 605 F.3d 1, 6 (1st Cir. 2010). Moreover, "under Puerto Rico law, a health-care provider 'is presumed to have exercised reasonable care in the discharge of his functions.' " Lopez-Rivera, 247 F.Supp.3d at 186 (citing Medina Santiago v. Velez, 20 P.R. Offic. Trans. 399, 404, 120 D.P.R. 380 (1988) ). Hence, "[t]he occurrence of an accident is not itself sufficient to prove negligence" in a case of alleged medical malpractice." Id. (citing Medina Santiago, 20 P.R. Offic. Trans. at 404 ). And since doctors cannot "guarantee a favorable result in each case, failure in the treatment prescribed or in the diagnosis made does not alone constitute a negligent act." Id. (citing Medina Santiago, 20 P.R. Offic. Transat 404).
López Rivera's prior complaint-dismissed without prejudice-"simply list[ed] a short chronology of facts that appear to have been copied ... from the hospital records of López's deceased father."
*143 Lopez-Rivera, 247 F.Supp.3d at 188. It failed to tie those facts to any concrete allegations of malpractice, save for a conclusory statement. According to the complaint in the prior action, defendants "breached their duty, were negligent and committed medical malpractice because the treatment provided to Aníbal López deviated from the accepted standards of care." Id. at 189. This threadbare recital of the elements of negligence did not suffice to prove negligence. Id. Essentially, the complaint left a "trained physician [to] decipher the amended complaint's litany of alleged facts and detect an error in the care provided." Id. at 188.
The instant complaint, however, ties the facts from the hospital records to allegations that, taken as true, would state a plausible claim for relief. Specifically, López Rivera alleges that Defendants are liable for damages caused by its agents, and sets forth numerous allegations regarding their agents' negligence. (See Docket No. 1 ¶ 52). For example, López Rivera alleges the agents failed to provide required medical attention, adequately diagnose, and treat López Rivera's father. Among other facts of a similar nature, these state a plausible claim for relief under medical malpractice. Id. ¶¶ 46-50.
B. Statute of Limitations
Defendants argue that López Rivera's claim is time-barred because the statute of limitations expired and the claim is time-barred. (Docket No. 24 at 6). "The law of Puerto Rico, which governs this diversity case, sets a one-year statute of limitations for tort actions." Ramos-Baez v. Bossolo-Lopez, 240 F.3d 92, 93 (1st Cir. 2001) (citing P.R. LAWS. ANN. tit. 31 § 5298 ). The clock starts ticking "when the injured party knew or should have known of the injury and of the likely identity of the tortfeasor." Tokyo Marine & Fire Ins. Co. v. Perez & Cia., De Puerto Rico, Inc., 142 F.3d 1, 3 (1st Cir. 1998) (citing Colon Prieto v. Geigel, 115 D.P.R. 232, 243 (1984). "Once a plaintiff is made aware of facts sufficient to put her on notice that she has a potential tort claim, she must pursue that claim with reasonable diligence." Rodriguez-Suris v. Montesinos, 123 F.3d 10, 16 (1st Cir. 1997). Otherwise, a plaintiff will "risk being held to have relinquished her right to pursue it later, after the limitation period has run." Id.
Filing a claim interrupts, or "tolls", the one-year prescriptive period. Tokyo Marine, 142 F.3d at 4 (citing P.R. LAWS ANN. § 5303). After the period is interrupted successfully, "the full period begins to run again." Id. (citing Cintron v. Puerto Rico, 127 D.P.R. 582, 589 (1990) ). Hence, if a case is filed and dismissed without prejudice, the clock is reset to zero and begins to run on the date of dismissal. Before 2012, filing a claim against a joint tortfeasor tolled the statute of limitations as to every joint tortfeasor under Puerto Rico law. Nevertheless, in 2012, the Puerto Rico Supreme Court reversed course in Fraguada Bonilla v. Hospital Auxilio Mutuo, and held that "the statute of limitations must be tolled separately for each joint tortfeasor." Rivera-Carrasquillo v. Centro Ecuestre Madrigal, Inc., 812 F.3d 213, 217 (1st Cir. 2016) (citing Fraguada Bonilla v. Hospital Auxilio Mutuo, 186 P.R. Dec. 365, 2012 WL 3655336 (2012) ). Thus, in this case, López Rivera must show that he filed the complaint within one year after he knew or should have known of EM and Admiral's identities as joint tortfeasors.
The Court begins its analysis by noting that it will consider the facts conceded by López Rivera in his response regarding the dates when he learned of EM and Admiral's existence: February 26, 2016. (Docket No. 62 at 16). López Rivera acquired *144 this information from the attorney representing López Rivera's mother's state court suit arising from the same tragedy. Id. This attorney, in turn, learned this information the day before he notified López Rivera. Id. Prior to that, López Rivera claims he "had no knowledge of the existence of any contracts" and that "[t]here was no information in the medical records regarding the existence of a contractual relationship" with EM and Admiral. Id. at 15. Three days after discovering this information, López Rivera amended his complaint in Case No. 16-1129 (ADC). Id. at 17. That case was dismissed without prejudice on April 3, 2017, and López Rivera filed this complaint on May 17, 2017.
The Court cannot find that López Rivera's complaint and related documents "leave no doubt that [the] asserted claim is time-barred." Warren Freedenfeld Assocs, 531 F.3d at 44. The one-year prescriptive period as to EM and Admiral began running when López Rivera learned of their existence on February 26, 2016. López Rivera interrupted this period when he amended the complaint to add them three days later. Moreover, this period was reset when the Court dismissed López Rivera's first case without prejudice on April 3, 2017. By filing a new case a little over a month after the one-year prescriptive period restarted, López Rivera filed this action within the prescriptive period.
The Court notes a distinction between this case and Hodge v. Parke Davis & Co., 833 F.2d 6, 8 (1st Cir. 1987). In Hodge, the plaintiff claimed to lack knowledge of a defendant corporate parent company that bore almost the same name as the subsidiary. The First Circuit held that the plaintiff should have known of the defendant's identity if the plaintiff had acted with the degree of diligence required by law. This was so because "such a fact about corporate relationships, normally a matter of public record ... is not a 'clandestine or hidden fact.' " Id. at 8. In this case, EM and Admiral are not the corporate parent company of the other co-defendants. Instead, EM employs some of the co-defendants and Admiral is EM's insurer. This is not a matter of public record; in fact, it is something that would normally come up in discovery. Thus, unlike in Hodge, here López Rivera was reasonably diligent when he added them as co-defendants within three days of knowing their existence.
The Court also rejects EM and Admiral's arguments that López Rivera was not reasonably diligent. EM and Admiral claim that "[a] simple investigation into the CM/ECF system would have revealed that EM physicians was the entity providing medical services to the auxilio mutuo (sic) in their emergency medical ward." (Docket No. 64-1 at 3). Accordingly, they argue that "[u]nder the doctrine of a prudent and reasonable man, Plaintiffs were obligated to conduct efforts to determine who the defendants were." Id. Nevertheless, EM and Admiral do not cite any case law granting a motion to dismiss based on the proposition that a reasonable person would have investigated into the CM/ECF system or something similar. To wit, one could even argue that a reasonable person does not have a clue that the CM/ECF system exists.
IV. Conclusion
López Rivera has alleged sufficient facts to state a plausible claim for relief and survive a 12(b)(6) motion. He also filed the case within the prescriptive period. Therefore, the Court DENIES co-defendants EM and Admiral's motion to dismiss.
SO ORDERED.