**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| GREG LANDERS, individually and on behalf of others similarly situated, *Plaintiff-Appellant*, <br><br> v. <br><br> QUALITY COMMUNICATIONS, INC.; BRADY E. WELLS; ROBERT J. HUBER, <br> *Defendants-Appellees*. | No. 12-15890 <br><br> D.C. No. 2:11-cv-01928-JCM-RJJ <br><br><br> ORDER AND AMENDED OPINION |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted
November 8, 2013—San Francisco, California

Filed November 12, 2014
Amended January 26, 2015

Before: Andrew J. Kleinfeld, Johnnie B. Rawlinson,
and Ronald Lee Gilman[*], Circuit Judges.

Order;
Opinion by Judge Rawlinson

---

[*] The Honorable Ronald Lee Gilman, Senior Circuit Judge for the United States Court of Appeals for the Sixth Circuit, sitting by designation.

## SUMMARY[**]

### Labor Law

The panel affirmed the dismissal, pursuant to Rule 8 of the Federal Rules of Civil Procedure, of an action under the Fair Labor Standards Act, alleging failure to pay minimum wages and overtime wages.

The panel held that under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), it is not enough for a complaint under the FLSA merely to allege that the employer failed to pay the employee minimum wages or overtime wages. Rather, the allegations in the complaint must plausibly state a claim that the employer failed to pay minimum wages or overtime wages. Agreeing with the First, Second, and Third Circuits, the panel held that detailed factual allegations regarding the number of overtime hours worked are not required, but conclusory allegations that merely recite the statutory language are not adequate. A plaintiff asserting a claim to overtime payments must allege that she worked more than forty hours in a given workweek without being compensated for the hours worked in excess of forty during that week.

The panel held that the complaint in this case did not state a plausible claim because it did not allege facts showing that there was a specific week in which the plaintiff was entitled to but denied minimum wages or overtime wages.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Christian James Gabroy, Gabroy Law Offices, Henderson, Nevada; Leon Greenberg and Dana Sniegocki (argued), Leon Greenberg Professional Corporation, Las Vegas, Nevada, for Plaintiff-Appellant.

Malani L. Kotchka (argued) and Steven C. Anderson, Lionel, Sawyer, & Collins, Las Vegas, Nevada, for Defendants-Appellees.

**ORDER**

The mandate is hereby recalled.

The opinion in the case of *Landers v. Quality Communications, Inc.*, No. 12-15890, filed November 12, 2014, is hereby amended as follows:

1. Slip Opinion, p. 15, first full paragraph, line 10 - replace <specific week> with <given week>.

2. Slip Opinion, p. 17:

   a. Line 5 - replace <specific workweek> with <given workweek>.

   b. Line 7 - replace <specific workweek> with <given workweek>.

c.  Line 11 - replace <able to specify> with <able to allege facts demonstrating there was>.

No further petitions for rehearing will be entertained.

---

**OPINION**

RAWLINSON, Circuit Judge:

Plaintiff-Appellant Greg Landers (Landers) appeals from an order dismissing his complaint against Defendants-Appellees Quality Communications, Inc. (Quality), Brady E. Wells, and Robert J. Huber. Landers' complaint alleged violations of the Fair Labor Standards Act (FLSA). Specifically, Landers alleged that Quality failed to pay Landers and other similarly situated employees minimum wages and overtime wages. The district court dismissed Landers's complaint pursuant to Rule 8 of the Federal Rules of Civil Procedure, and Landers filed a timely appeal. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

## I.  BACKGROUND

Landers was employed by Quality as a cable services installer. He brought suit, individually and on behalf of other similarly situated persons, alleging that Quality failed to pay him, and other similarly situated individuals, minimum wages and overtime wages in violation of the FLSA.

In the complaint, Landers alleged that:  (1) he was employed by Quality in its cable television, phone, and

internet service installation business; (2) his employment was subject to the FLSA's minimum wage and overtime pay requirements; (3) he was not paid at the minimum wage; and (4) he was subjected to a "piecework no overtime" wage system, whereby he worked in excess of forty hours per week without being compensated for his overtime.

In the alternative, Landers alleged that even if he were paid some measure of overtime, the overtime payment was less than that required by the FLSA. According to Landers, Quality failed to compensate him for all of the overtime hours he worked and/or the overtime rate at which he was paid was calculated using an incorrect rate, resulting in an overtime payment that was less than that required by the FLSA. Quality moved to dismiss the complaint pursuant to Rules 8(a)(2) and 12(b)(6) of the Federal Rules of Civil Procedure. The district court granted the motion, concluding that Landers failed to state a plausible claim for unpaid minimum wages and overtime wages. The district court determined that the complaint did "not make any factual allegations providing an approximation of the overtime hours worked, plaintiff's hourly wage, or the amount of unpaid overtime wages. . . ." Given these deficiencies, the district court concluded that the allegations asserted in the complaint were "merely consistent" with Quality's liability, but fell "short of the line between possibility and plausibility of entitlement to relief," under Rule 8, as construed in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Landers filed a timely appeal challenging the dismissal.

## II.  STANDARD OF REVIEW

"We review de novo the district court's decision to grant Defendants' motion to dismiss under Rule 12(b)(6) . . . We accept as true all well pleaded facts in the complaint and construe them in the light most favorable to the nonmoving party." *Zadrozny v. Bank of N.Y. Mellon*, 720 F.3d 1163, 1167 (9th Cir. 2013) (citations and internal quotation marks omitted).

## III.    DISCUSSION

This case presents an issue of first impression in this circuit.  Post-*Twombly* and *Iqbal*, this court has not addressed the degree of specificity required to state a claim for failure to pay minimum wages or overtime wages under the FLSA.

### A.  Rule 8 Pleading under *Twombly* and *Iqbal*

"The FLSA sets a national minimum wage[] . . . and requires overtime pay of one and a half times an employee's hourly wage for every hour worked over 40 hours in a week. . . ." *Probert v. Family Centered Servs. of Alaska, Inc.*, 651 F.3d 1007, 1009–10 (9th Cir. 2011) (citations omitted); *see also* 29 U.S.C. § 206(a)(1) (minimum wage);  29 U.S.C. § 207(a)(1) (overtime).  In determining whether a plaintiff has stated a plausible claim under the FLSA, we look to Rule 8 of the Federal Rules of Civil Procedure.  *See, e.g.*, *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 995–97 (9th Cir. 2014).

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that each claim in a pleading be supported by "a short and plain statement of the claim showing that the

pleader is entitled to relief . . ." Fed. R. Civ. P. 8(a)(2).  Pre-*Twombly* and *Iqbal*, the pleading requirement could be met by a statement merely setting forth the elements of the claim. *See, e.g.*, *AlliedSignal, Inc. v. City of Phoenix*, 182 F.3d 692, 696 (9th Cir. 1999) (holding that dismissal under Rule 8 was not warranted even though the plaintiff "failed to plead specific facts in its complaint concerning the nature of the City's alleged negligence").  However, that state of affairs changed when the Supreme Court clarified in *Twombly* that to satisfy Rule 8(a)(2), a complaint must contain sufficient factual content "to state a claim to relief that is plausible on its face. . . ." 550 U.S. at 570.  Under *Twombly*, a complaint that offers "labels and conclusions, . . . a formulaic recitation of the elements of a cause of action[,]" or "naked assertion[s]" devoid of "further factual enhancement" will not suffice.  *Id.* at 555, 557.

This requirement of plausibility was reinforced in *Iqbal*. *See* 556 U.S. at 678 (explaining that to satisfy Rule 8(a)(2), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face") (citation and internal quotation marks omitted).  A claim for relief is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . ." *Id.* (citation omitted).  This standard does not rise to the level of a probability requirement, but it demands "more than a sheer possibility that a defendant has acted unlawfully. . . ." *Id.* (citation omitted).  In keeping with *Twombly*, the Supreme Court held in *Iqbal* that "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."  *Id.* (citation and internal quotation marks omitted).

In evaluating whether a complaint states a plausible claim for relief, we rely on "judicial experience and common sense" to determine whether the factual allegations, which are assumed to be true, "plausibly give rise to an entitlement to relief." *Id.* at 679.

## B. Application of *Twombly* and *Iqbal* to Claims Brought Under the FLSA

Pre-*Twombly* and *Iqbal*, a complaint under the FLSA for minimum wages or overtime wages merely had to allege that the employer failed to pay the employee minimum wages or overtime wages. *See Takacs v. A.G. Edwards & Sons, Inc.*, 444 F. Supp. 2d 1100, 1107 (S.D. Cal. 2006) (holding that a complaint citing to the statute was adequate to plead a claim under the FLSA). However, post-*Twombly* and *Iqbal*, we review Landers's complaint to determine whether the allegations plausibly state a claim that Quality failed to pay minimum wages and overtime wages, keeping in mind that detailed facts are not required. *See Twombly*, 550 U.S. at 555.

The district courts that have considered this question are split: some district courts, including the district court in this case, have required plaintiffs to approximate the overtime hours worked or the amount of overtime wages owed, whereas other courts have forgone such a requirement.[1] No

---

[1] *Compare Lagos v. Monster Painting, Inc.*, No. 2:11-CV-00331, 2011 WL 6887116, at *2 (D. Nev. Dec. 29, 2011) (relied on by the district court); *De Silva v. North Shore-Long Is. Jewish Health Sys. Inc.*, 770 F. Supp. 2d 497, 509-510 (E.D.N.Y. 2011); *Zhong v. August August Corp.*, 498 F. Supp. 2d 625, 628 (S.D.N.Y. 2007) (requiring the plaintiff to allege the approximate number of hours worked and overtime wages to survive a motion to dismiss), *with Goodman v. Port Auth. of New York and New*

circuit court has interpreted Rule 8 as requiring FLSA plaintiffs to plead in detail the number of hours worked, their wages, or the amount of overtime owed to state a claim for unpaid minimum wages or overtime wages. Although the circuit courts are in harmony on what is not required by *Twombly* and *Iqbal*, there is no consensus on what facts must be affirmatively pled to state a viable FLSA claim post-*Twombly* and *Iqbal*.

In *Pruell v. Caritas Christi*, 678 F.3d 10, 13 (1st Cir. 2012), plaintiffs alleged that they had "regularly worked hours over forty in a week and were not compensated for such time . . ." The First Circuit described this allegation as "one of those borderline phrases" that, "while not stating ultimate legal conclusions, are nevertheless so threadbare or speculative that they fail to cross the line between the conclusory and the factual." *Id.* (citation and internal quotation marks omitted). The court observed that this allegation was "little more than a paraphrase of the statute[]" and thus "too meager, vague, or conclusory to . . ." nudge plaintiffs' claim "from the realm of mere conjecture. . . ." to the realm of plausibility, as required by *Twombly* and *Iqbal*. *Id.* (citation omitted). The First Circuit noted that the amended complaint lacked examples of unpaid time, a

---

*Jersey*, 850 F. Supp. 2d 363, 379–81 (S.D.N.Y. 2012); *Williams v. Skyline Auto. Inc.*, No. 11 Civ. 4123, 2011 WL 5529820, at *2 (S.D. N.Y. Nov. 14, 2011); *Allen v. City of Chicago*, No. 10 C 3183, 2011 WL 941383, at *6 (N.D. Ill. Mar. 15, 2011); *Carter v. Jackson-Madison Cnty. Hosp. Dist.*, No. 1:10-cv-01155, 2011 WL 1256625, at *4–6 (W.D. Tenn. Mar. 31, 2011); *Noble v. Serco, Inc.*, No. 3:08-76, 2009 WL 1811550, at *2–3 (E.D. Ky. June 25, 2009); and *Monroe v. FTS USA, LLC*, No. 2:08-CV-02100, 2008 WL 2694894, at *3 (W.D. Tenn. July 9, 2008) (rejecting the argument that approximation of overtime hours must be included in the complaint).

description of work performed during overtime periods, or estimates of the overtime amounts owed. *See id.* at 14. The court concluded that the allegations were "deficient[,] although not by a large margin." *Id*.

In a trilogy of cases, the Second Circuit also grappled with the level of specificity required to state a claim for overtime pay under the FLSA. The first case in this trilogy is *Lundy v. Catholic Health System of Long Island Inc.*, 711 F.3d 106 (2d Cir. 2013). In *Lundy*, the Second Circuit noted that some courts within that circuit had required that a complaint seeking overtime wages under the FLSA contain "an approximation of the total uncompensated hours worked during a given workweek in excess of 40 hours." *Id*. at 114 (citation omitted). In contrast, courts outside the Second Circuit had "done without an estimate of overtime, and deemed sufficient an allegation that plaintiff worked some amount in excess of 40 hours without compensation." *Id*. (citation omitted).

After commenting that the determination of plausibility of a claim is "context-specific . . . " and "requires the reviewing court to draw on its judicial experience and common sense," the court concluded that no plausible FLSA claim was pled. *Id*. (citation and footnote reference omitted). Critically, Plaintiffs had failed to allege "a single workweek in which they worked at least 40 hours and also worked uncompensated time in excess of 40 hours." *Id*.

Plaintiff No. 1 alleged a typical schedule of three shifts per week that totaled 37.5 hours. On occasion, she worked an additional shift of 12.5 hours or a slightly longer shift. Plaintiff's failure to detail "how occasionally" or "how long" she worked in excess of her regular shift, or that she was

denied overtime pay in any of those weeks when she worked in excess of her regular shift doomed her claim. *Id*. at 114–15.

Plaintiff No. 2 alleged that her "typical[]" workweek consisted of "four shifts per week, totaling 30 hours." *Id*. at 115. "[A]pproximately twice a month, she worked five to six shifts instead of four shifts, totaling between 37.5 and 45 hours." *Id*. (citation and internal quotation marks omitted). However, like Plaintiff No. 1, she failed to allege denial of overtime pay in any of the weeks when she worked additional shifts. *See id*.

Plaintiff No. 3 (Lundy) "worked between 22.5 and 30 hours per week[.]" *Id*. (citation omitted). Because his hours worked never exceeded forty in any given week, he was unable to state a valid claim. *See id*. Because no plaintiff alleged both a single workweek composed of at least forty hours *and* uncompensated time in excess of forty hours in that same workweek, the Second Circuit affirmed the dismissal of Plaintiffs' overtime claims. *See id*.

In *Nakahata v. New York-Presbyterian Healthcare System, Inc.*, 723 F.3d 192 (2d Cir. 2013), the Second Circuit once again resolved a case involving plaintiffs alleging that "they were not paid for overtime hours worked." 723 F.3d at 201. The Second Circuit concluded that Plaintiffs' allegations that they "were not compensated for work performed during meal breaks, before and after shifts, or during required trainings . . ." failed to state a plausible claim that they were denied overtime, because the Plaintiffs failed to allege that they "were scheduled to work forty hours in a given week. . . . " *Id.* The court explained that *Lundy*'s requirement that plaintiffs plead with specifity a workweek in

which they were entitled to but denied overtime, was designed to ensure that plaintiffs provide "sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than forty hours in a given week." *Id*. The Second Circuit declined to adopt a requirement that Plaintiffs approximate the number of overtime hours worked. *See id*. n.10.

In the final case of the trilogy, *Dejesus v. HF Management Services, LLC*, 726 F. 3d 85, 89 (2d Cir. 2013), the plaintiff avoided the error of her predecessor plaintiffs. She alleged that in "some or all weeks she worked more than forty hours a week without being paid 1.5 times her rate of compensation." (citation and internal quotation marks omitted). The Second Circuit nevertheless concluded that the plaintiff failed to state a plausible claim for relief because she did not "allege overtime without compensation in a *given* workweek," as required by *Lundy. Id.* at 90 (citation and internal quotation marks omitted) (emphasis added). The court explained that *Lundy*'s requirement that plaintiffs allege with specificity a workweek in which they were entitled to but denied overtime payment, "was designed to require plaintiffs to provide some factual context that will nudge their claim from conceivable to plausible. . . ." *Id.* (citation and internal quotation marks omitted). Although the *Lundy* standard did not require "plaintiffs to keep careful records and plead their hours with mathematical precision," the standard could not be satisfied by allegations that do little more than parrot the statutory language of the FLSA. *Id*. Instead, *Lundy* required plaintiffs to draw on their memory and personal experience to develop factual allegations with sufficient specificity that they plausibly suggest that defendant failed to comply with its statutory obligations under the FLSA. *See id.* Notably, as in *Lundy* and *Nakahata*,

the Second Circuit again declined to require an approximation of the number of overtime hours worked.

In an unpublished decision, the Eleventh Circuit analogized Plaintiff's allegations in an FLSA case to the allegations of an antitrust violation at issue in *Twombly*. *See Sec'y of Labor v. Labbe*, 319 F. App'x 761, 763 (11th Cir. 2008) (per curiam). The Eleventh Circuit reasoned that a claim for unpaid minimum wages and/or overtime wages under the FLSA was straightforward and did not involve the same level of complexity as the antitrust claims at issue in *Twombly*. Given this dissonance in complexity, the court reasoned that the quantum and specificity of facts necessary to allege a plausible FLSA claim was much lower than that necessary to allege the antitrust claim at issue in *Twombly. See id*. The Eleventh Circuit thus concluded that the Secretary's allegations that "Labbe repeatedly violated stated provisions of the FLSA by failing to pay covered employees minimum hourly wages and to compensate employees who worked in excess of forty hours a week at the appropriate rates[]" stated plausible claims for relief. *Id.*

Most recently, the Third Circuit applied the standards of *Twombly* and *Iqbal* to a claim for unpaid overtime wages in *Davis v. Abington Memorial Hospital*, 765 F.3d 236 (3d Cir. 2014). In *Davis*, each of the plaintiffs alleged that "he or she typically worked shifts totaling between thirty-two and forty hours per week and further allege[d] that he or she frequently worked extra time. . . ." *Id*. at 242 (internal quotation marks omitted). Plaintiffs contended that "[b]ecause they typically worked full time, or very close to it and also worked several hours of unpaid work each week, . . . it is certainly plausible that at least some of the uncompensated work was performed during weeks when the plaintiffs' total work time was more

than forty hours. . . ." *Id*. (citations, alterations, and internal quotation marks omitted). The Third Circuit disagreed. Consistent with *Lundy*, the court concluded that the allegations were insufficient to state a plausible claim under the FLSA. Although several of the plaintiffs alleged that their typical workweek was at least forty hours "in addition to extra hours frequently worked during meal breaks or outside of their scheduled shifts[,]" none of the plaintiffs alleged that the extra hours were in fact worked during a typical forty-hour workweek. *Id*. at 243 (internal quotation marks omitted). Absent that crucial allegation, no plausible claim for overtime wages was stated. *See id*. The Third Circuit explained that a plaintiff need not identify precisely the dates and times she worked overtime. An allegation that a plaintiff typically worked a forty-hour workweek, and worked uncompensated extra hours during a particular forty-hour workweek would state a plausible claim for relief. However, because no such allegation was made by any of the plaintiffs, the Third Circuit affirmed dismissal of the overtime claims. *See id*.

We are persuaded by the rationale espoused in the First, Second and Third Circuit cases. Although we agree with the Eleventh Circuit that detailed factual allegations regarding the number of overtime hours worked are not required to state a plausible claim, we do not agree that conclusory allegations that merely recite the statutory language are adequate. *But see Labbe*, 319 F. App'x at 763. Indeed, such an approach runs afoul of the Supreme Court's pronouncement in *Iqbal* that a Plaintiff's pleading burden cannot be discharged by "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action . . ." *Iqbal*, 556 U.S. at 678 (citation and internal quotation marks omitted).

We agree with our sister circuits that in order to survive a motion to dismiss, a plaintiff asserting a claim to overtime payments must allege that she worked more than forty hours in a given workweek without being compensated for the overtime hours worked during that workweek. *See Pruell*, 678 F.3d at 13; *see also Lundy*, 711 F.3d at 114; *Davis*, 765 F.3d at 242–43. We are mindful of the Supreme Court's admonition that the pleading of detailed facts is not required under Rule 8, and that pleadings are to be evaluated in the light of judicial experience. *See Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 679. We also agree that the plausibility of a claim is "context-specific." *Lundy*, 711 F.3d at 114. A plaintiff may establish a plausible claim by estimating the length of her average workweek during the applicable period and the average rate at which she was paid, the amount of overtime wages she believes she is owed, or any other facts that will permit the court to find plausibility. *See Pruell*, 678 F.3d at 14. Obviously, with the pleading of more specific facts, the closer the complaint moves toward plausibility. However, like the other circuit courts that have ruled before us, we decline to make the approximation of overtime hours the *sine qua non* of plausibility for claims brought under the FLSA. After all, most (if not all) of the detailed information concerning a plaintiff-employee's compensation and schedule is in the control of the defendants. *See Pruell*, 678 F.3d at 15; *see also* 29 U.S.C. § 211(c) (FLSA provision requiring employers subject to the FLSA to keep records concerning their employees' work schedules and compensation).[2]

We further agree with our sister circuits that, at a minimum, a plaintiff asserting a violation of the FLSA

---

[2] This reasoning applies with equal force to Landers's minimum wage claims.

overtime provisions must allege that she worked more than forty hours in a given workweek without being compensated for the hours worked in excess of forty during that week. *See Pruell*, 678 F.3d at 13; *see also Lundy*, 711 F.3d at 114; *Davis*, 765 F.3d at 242–43. Applying that standard to the pleadings in this case, Landers failed to state a claim for unpaid minimum wages and overtime wages. The complaint did not allege facts showing that there was a given week in which he was entitled to but denied minimum wages or overtime wages.

In his complaint, Landers alleged the following:

- The compensation system used by the defendants for the plaintiff . . . was a *de facto* "piecework no overtime" system, meaning such employees were being paid a certain amount for each "piece" of work they performed pursuant to a schedule, the plaintiffs not being paid time and one-half their "regular hourly rate" for work in excess of 40 hours a week . . .

- [A]lternatively, defendants utilized a compensation system that did pay some measure of overtime wages upon a designated hourly rate but failed to pay any overtime wages on the additional and substantial portion of the earnings of the plaintiff and those similarly situated that were paid by the defendants solely on a piece rate basis.

- Alternatively, if defendants did not engage in a "piecework no overtime" pay scheme, and paid the plaintiff . . . a facially proper overtime wage demonstrated on their payroll records as time and one-half their regular hourly rate including all

piecework earnings, the defendants failed to pay such persons for all overtime hours that they worked . . .

• Defendants, in furtherance of their scheme to deny the plaintiff . . . proper overtime pay as required by the FLSA would falsely list certain "overtime hours" and "regular hours" and "overtime compensation" on the plaintiff's . . . pay stubs, such listings being inaccurate in terms of hours actually worked and not reflecting any attempt to pay time and one-half the employees' true "regular rate" as required by the FLSA  . . .

• [T]he named plaintiff . . . [was] entitled to a minimum wage and an overtime hourly wage of time and one-half [his] regular hourly wage for all hours worked in excess of forty hours per week, the named plaintiff . . . worked more than 40 hours per week for the defendants, and the defendants willfully failed to make said overtime and/or minimum wage payments.

Much like the plaintiffs in *Lundy*, Landers presented generalized allegations asserting violations of the minimum wage and overtime provisions of the FLSA by the defendants. Landers alleged that the defendants implemented a "*de facto* piecework no overtime*" system and/or failed to pay minimum wages and/or overtime wages for the hours worked by Landers. Landers also asserted that the defendants falsified payroll records to conceal their failure to pay required wages. Notably absent from the allegations in Landers's complaint, however, was any detail regarding a given workweek when Landers worked in excess of forty hours and was not paid overtime for that given workweek and/or was not paid minimum wages. Although plaintiffs in these types of cases cannot be expected to allege "with mathematical precision,"

the amount of overtime compensation owed by the employer, they should be able to allege facts demonstrating there was at least one workweek in which they worked in excess of forty hours and were not paid overtime wages. *Dejesus*, 726 F.3d at 90. Landers's allegations failed to provide "sufficient detail about the length and frequency of [his] unpaid work to support a reasonable inference that [he] worked more than forty hours in a given week." *Nakahata*, 723 F.3d at 201. Instead, as in *Nakahata*, Landers "merely alleged that [he was] not paid for overtime hours worked. . . ." *Id*. Although these allegations "raise the possibility" of undercompensation in violation of the FLSA, a possibility is not the same as plausibility. *Id*. Landers's comparable allegations fail to state a plausible claim under Rule 8. *See id*.

## IV.    CONCLUSION

Under the post-*Twombly* and *Iqbal* standard, Landers failed to state a plausible claim for relief under the FLSA. Landers expressly declined to amend his complaint, electing to stand on his claims as alleged. Therefore, we do not remand to the district court for amendment of the complaint. *See Alaska v. United States*, 201 F.3d 1154, 1163–64 (9th Cir. 2000) ("[W]here a party did not seek leave to amend a pleading in the lower court, we would not remand with instructions to grant leave to amend.") (footnote reference omitted). We decline to impose a requirement that a plaintiff alleging failure to pay minimum wages or overtime wages must approximate the number of hours worked without compensation. However, at a minimum the plaintiff must allege at least one workweek when he worked in excess of forty hours and was not paid for the excess hours in that workweek, or was not paid minimum wages. Landers's allegations fell short of this standard, and the district court

properly dismissed his complaint for failure to state a plausible claim.

**AFFIRMED.**