**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 18 2015



| | |
|---|---|
| HARRY BOON,<br><br>        Plaintiff - Appellant,<br><br>v.<br><br>CANON BUSINESS SOLUTIONS, INC.,<br><br>        Defendant - Appellee. | No. 12-56639<br><br>D.C. No. 2:11-cv-08206-R-CW<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Submitted October 6, 2014[**]
Pasadena, California

Before: PREGERSON, TALLMAN, and BEA, Circuit Judges.

Appellant Harry Boon brought suit against his former employer, Canon

Business Solutions alleging that it failed to pay for his "off-the-clock" work.

Boon's claim was dismissed by the district court after a Fed. R. Civ. Proc. 12(b)(6)

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

motion for failure to state a claim for relief. We review the district court's decision de novo, construing the facts in the light most favorable to the appellant. *Starr v. Baca*, 652 F.3d 1202, 1205 (9th Cir. 2011); *AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012).

Boon filed his initial complaint in Los Angeles County Superior Court. It was removed to federal court by Canon, which promptly moved to dismiss. The district court granted Canon's motion. Boon subsequently filed a First Amended Complaint, which the district dismissed with leave to amend. In doing so, the district court held that Boon failed to "allege[] the amount of wages accrued and unpaid," approximate "the hours worked for which these wages were not received," and "estimate as to how much uncompensated time was spent, how often, and at what rate." Boon nonetheless filed a Second Amended Complaint substantially similar to the first. The court again dismissed the complaint; this time without leave to amend. Boon argues that the district court improperly required him to include "the amount of wages accrued and unpaid at the time the employment relationship terminated." In light of our recent opinion in *Landers v. Quality Communications, Inc.*, 771 F.3d 638, 644-45 (9th Cir. 2014), we agree.

To survive a motion to dismiss, Boon's claim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). This principle rests on two pillars of interpretation. First, the requirement that courts must accept as true all of the allegations contained in a complaint does not extend to "threadbare recitals of the elements of a cause of action, [that are] supported by mere conclusory statements." *Id*. Second, a complaint must state a plausible claim for relief to survive a motion to dismiss, the "sheer possibility that a defendant has acted unlawfully" is insufficient. *Id. Landers*, for the first time, articulated this Court's requirements for stating a wage claim under *Twombly* and *Iqbal*. *Landers* held that "detailed factual allegations regarding the number of overtime hours worked are not required to state a plausible claim." *Landers*, 771 F.3d at 644. This is inconsistent with the district court's requirement that Plaintiff's complaint must contain an estimate of "how much uncompensated time was [worked], how often, and at what rate" to survive a motion to dismiss. *Landers* also held that plaintiffs in these types of cases must allege facts demonstrating that there was at least one workweek in which they worked in excess of forty hours and were not paid overtime wages. Boon identified tasks for which he was not paid and alleged that he regularly worked more than eight hours in a day and forty hours in a week. Considering the facts in the light most favorable to Boon, his allegations satisfy the pleading

3

requirements of *Landers* at this stage of the litigation.  Thus, we  remand this case for further proceedings.

**REVERSED AND REMANDED.**