HON. LISA GODBEY WOOD, JUDGE
Plaintiff filed the original Complaint on December 10, 2018. Dkt. No. 1. Defendants timely moved to dismiss the original Complaint. Dkt. No. 10. Plaintiff responded to the motion to dismiss, dkt. no. 12, but also timely filed an Amended Complaint, dkt. no. 13. Defendants then filed a motion to dismiss this new, Amended Complaint, dkt. no. 15. Before the Court, then, are Defendants' Motion to Dismiss the original Complaint, dkt. no. 10, and Defendants' Motion to Dismiss the Amended Complaint, dkt. no. 15. These motions are fully briefed and ripe for review. For the reasons stated below, both motions are DENIED.
BACKGROUND
The facts stated herein are taken solely from Plaintiff's Amended Complaint and are assumed to be true pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendant South Georgia Cargo builds and sells trailers to customers across the country. Dkt. No. 13 ¶ 11. Plaintiff was employed by Defendants at their plant in Pearson, Georgia from 2017 to 2018. Id. ¶ 7. Plaintiff worked five days a week and sometimes six days a week. Id. ¶ 17. Plaintiff was not required to clock in or out each day he worked and thus does not have records of his hours worked in a particular week. Id. ¶ 15. Nevertheless, Plaintiff alleges that he worked in excess of 40 hours per workweek throughout his employment; in fact, most weeks he worked between 50 and 60 hours. Id. ¶ 16. His work day typically *1337 began at 7:00 a.m. and lasted anywhere from 3 p.m. to 6 p.m. Id. ¶ 17.
Throughout his employment, Defendants classified Plaintiff as "exempt" and compensated him on a purported "salary" basis. Id. ¶ 18. For each week's pay period, Plaintiff was paid a lump sum, which varied, and that sum was characterized on his paystub as a "salary." Id. ¶¶ 19-38. During the twenty workweeks identified in the Amended Complaint, Plaintiff worked more than 40 hours but was not paid overtime. Id. ¶ 41. Plaintiff alleges that he was not an "exempt" employee as defined by the Fair Labor Standards Act ("FLSA"), and thus, he was entitled to be paid at a rate of time-and-a-half his regular rate of pay, i.e., an overtime rate, for all hours worked over 40 in a particular workweek. Id. ¶ 40.
Because Plaintiff was not paid the compensation to which he alleges he was entitled, Plaintiff filed this action to recover damages under the FLSA.
LEGAL STANDARD
Federal Rule of Civil Procedure 8(a) requires that a plaintiff's complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). When ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), a district court must accept as true the facts set forth in the complaint and draw all reasonable inferences in the plaintiff's favor. Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Although a complaint need not contain detailed factual allegations, it must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).
"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). The Court accepts the allegations in the complaint as true and draws all reasonable inferences in favor of the plaintiff. Ray v. Spirit Airlines, Inc., 836 F.3d 1340, 1347 (11th Cir. 2016). However, the Court does not accept as true threadbare recitations of the elements of the claim and disregards legal conclusions unsupported by factual allegations. Iqbal, 556 U.S. at 678-79, 129 S.Ct. 1937. At a minimum, a complaint should "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Fin. Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1282-83 (11th Cir. 2007) (per curiam) (quoting Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) ).
DISCUSSION
I. Motion to Dismiss the Original Complaint
Under Rule 15 of the Federal Rules of Civil Procedure, a party may amend its pleading once as a matter of course within 21 days after service of a motion under Rule 12(b). Fed. R. Civ. P. 15(a) (1) (B). An amended pleading "supersedes the former pleading" such that "the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary." Dresdner Bank AG v. M/V OLYMPIA VOYAGER, 463 F.3d 1210, 1215 (11th Cir. 2006) (internal quotation marks and citation omitted). See also Fritz v. Standard Sec. Life Ins. Co., 676 F.2d 1356, 1358 (11th Cir. 1982) (citations omitted) ("Under the Federal Rules, an amended complaint supersedes the original complaint.").
Plaintiff timely filed his first Amended Complaint as a matter of course pursuant *1338 to Rule 15(a) (1) (B). Further, Plaintiff's Amended Complaint supersedes his original Complaint. Defendants' motion to dismiss the original Complaint, then, has been rendered moot by Plaintiff's filing of his Amended Complaint.
II. Motion to Dismiss the Amended Complaint
Defendants argue that Plaintiff fails to state a claim for relief because his allegations contained in the Amended Complaint do not make it plausible that he can prove all the material elements necessary to recover under the FLSA. Specifically, Defendants argue that Plaintiff's claim is not plausible because he has not "set forth facts as to how many hours he worked over 40 in a work week in order to maintain a facially plausible claim for unpaid overtime (i.e., compensation for hours worked over 40 in a work week)." Dkt. No. 15 at 7. Indeed, Defendants argue "Plaintiff still has not identified a single instance in which he worked more than 40 hours in any particular week." Id. at 5.
To the contrary, Plaintiff has identified twenty such weeks: Plaintiff set forth twenty workweeks in which he alleges that "Plaintiff worked more than 40 hours in the workweek." Dkt. No. 13 ¶ 41. Through these allegations, Plaintiff has "sufficiently allege [d] 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours." Lundy v. Catholic Health System of Long Island, 711 F.3d 106, 114 (2d Cir. 2013). This is especially so considering that Plaintiff alleges that he was not required to keep track of his hours, so he is unsure of the number of hours in excess of 40 that he worked in each of the identified workweeks. See Landers v. Quality Commc'ns, Inc., 771 F.3d 638, 645 (9th Cir. 2014), as amended (Jan. 26, 2015) (holding that "like the other circuit courts that have ruled before us, we decline to make the approximation of overtime hours the sine qua non of plausibility for claims brought under the FLSA. After all, most (if not all) of the detailed information concerning a plaintiff-employee's compensation and schedule is in the control of the defendants").
This case is not like Campbell, cited by Defendants, where the plaintiffs second amended complaint attempted to certify a class and alleged that "[d]uring periods throughout the last three years, Plaintiffs have frequently worked more than 40 hours per week without being paid overtime compensation." Campbell, et al. v. High Teck Rail and Fence, LLC, et al., No. 3:18-cv-4-TCB, dkt. no. 7 ¶ 29 (N.D. Ga. Jan. 23, 2018). There, the Court found that this "loose, generalized verbiage" did "not readily demonstrate how these particular plaintiffs, and the class they purport to represent, were subjected to a violation of the FLSA." Campbell et al. v. High Teck Rail and Fence, LLC, et al., No. 3:18-cv-4-TCB, dkt. no. 45 at 5 (N.D. Ga. May 17, 2018). Similarly, this case is not like Cooley (another case cited by Defendants) where the court found that the complaint there did not "even [set forth] an allegation that they had worked in excess of forty hours in any workweek." Cooley v. HMR of Alabama, Inc., 259 F.Supp.3d 1312, 1321 (N.D. Ala. 2017). The Cooley court found that the plaintiffs did not meet their burden because "more is required than just the bare allegation that the Plaintiffs 'regularly' worked over 40 hours per week but were not paid overtime." Id. at 320 n.15. Unlike Campbell and Cooley, Plaintiff has alleged twenty specific workweeks in which he worked over 40 hours but was not compensated at an overtime rate.
CONCLUSION
For the reasons stated above, Defendant's Motion to Dismiss the original Complaint, dkt. no. 10, is DENIED as moot.
*1339 Defendants' Motion to Dismiss the Amended Complaint, dkt. no. 15, is DENIED.
SO ORDERED, this 16th day of April, 2019.