**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 14 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NATASHA PORTEOUS, | No. 18-16336 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-02866-JCM-GWF |
| v. | |
| CAPITAL ONE SERVICES II, LLC, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted March 3, 2020
San Francisco, California

Before: SILER,** WARDLAW, and M. SMITH, Circuit Judges.

Natasha Porteous appeals from the district court's dismissal of her putative

class action claim against Defendant Capital One Services II, LLC. We have

jurisdiction under 28 U.S.C. § 1291. We review de novo, *Dougherty v. City of

Covina*, 654 F.3d 892, 897 (9th Cir. 2011), and we reverse.

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

**1.** We decline to consider the declarations and exhibits attached by Defendant in response to Plaintiff's motion for circulation of notice, which do not fall within the bounds of the incorporation-by-reference doctrine. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018); *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). With regard to the declarations, the complaint neither refers to nor relies on these declarations, nor could it have given that the declarations postdate the complaint. *See Marder*, 450 F.3d at 448–49. Therefore, it would be inappropriate for this court to consider them in reviewing Defendant's 12(b)(6) motion.

With regard to the exhibits, the complaint likewise does not "refer[] to" any of these documents.[1] *Id.* at 448; *see also Khoja*, 899 F.3d at 1002 (whether "the plaintiff refers extensively to the document") (quoting *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003)). The exhibits do not "form[] the basis of the plaintiff's claim" because the complaint concerns what Plaintiff actually had to do in practice, not whether a written policy facially required something. *Khoja*, 899 F.3d at 1002 (quoting *Ritchie*, 342 F.3d at 907); *see also Marder*, 450 F.3d at 448

---

[1] Although the complaint uses some phrases like "agreement" and "practices, plans, and/or policies," it does not reference any specific document, nor does it allege that a written document is even at issue. *Cf. Cooper v. Pickett*, 137 F.3d 616, 623 (9th Cir. 1997) (rejecting conference call transcripts where complaint alleged facts about calls but did not refer to transcripts thereof; also rejecting internal projections where complaint referred to faxed internal projections but not necessarily to the ones proffered by defendants).

(whether "the document is central to the plaintiff's claim").  And although Plaintiff does not presently "question[] the authenticity" of the various exhibits, Plaintiff does contest the facts purportedly shown by those documents, *i.e.*, whether Defendant actually paid employees appropriately for all work performed.  *Marder*, 450 F.3d at 448.  *Cf. Sgro v. Danone Waters of N. Am., Inc.*, 532 F.3d 940, 942 n.1 (9th Cir. 2008) (where the complaint referenced a disability benefits plan, the court found it proper to consider the plan documents, but did not assume the truth of the documents' contents because the parties disputed whether the defendant was actually implementing the plan according to its terms).

The district court erred in considering these documents.  By doing so, the district court engaged in impermissible factfinding at the pleadings stage, failed to draw all reasonable inferences in favor of Plaintiff, and impermissibly assumed the truth of extrinsic documents for the purpose of contesting the allegations in the complaint.  *See Khoja*, 899 F.3d at 1002–03, 1006; *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).  Furthermore, the district court violated Fed. R. Civ. P. 12(d) by failing to then treat Defendant's 12(b)(6) motion as a motion for summary judgment and afford Plaintiff an opportunity to present all pertinent evidence.  *See Khoja*, 899 F.3d at 1003.

2.      Plaintiff has plausibly alleged claims under the Fair Labor Standards Act (FLSA) for failure to pay overtime compensation and failure to correctly

3

calculate Plaintiff's overtime rate. The complaint meets the *Landers* requirement of alleging a "given workweek" in which the Plaintiff worked more than 40 hours without getting paid overtime for the additional hours. *Landers v. Quality Comms., Inc.*, 771 F.3d 638, 644–45 (9th Cir. 2015); *see* 29 U.S.C. §§ 203(g), 207(a)(1). The complaint plausibly alleges that Defendant failed to include nondiscretionary bonuses in the calculation of Plaintiff's "regular rate" for purposes of determining her overtime rate. 29 U.S.C. § 207(e); *see* 29 C.F.R. §§ 778.211, 778.331. These allegations constitute "sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively," and, "taken as true," "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

    **3.**    Plaintiff has plausibly alleged claims under NRS 608.016, .018, and .020–.050. The Nevada Supreme Court has clearly interpreted NRS 608.016 and 608.018 to authorize a private right of action, and Plaintiff's claims under NRS 608.020–.050 are derivatives thereof. *See Neville v. Eighth Judicial Dist. Court*, 406 P.3d 499, 501–04 (Nev. 2017). "[W]e are bound to follow the decisions of a state's highest court in interpreting that state's law." *Olympic Sports Prods., Inc. v. Univ. Athletic Sales Co.*, 760 F.2d 910, 913 (9th Cir. 1985); *see also Knievel v.*

4

*ESPN*, 393 F.3d 1068, 1072–73 (9th Cir. 2005).[2]  The complaint plausibly alleges

that Plaintiff worked hours for which she should have been but was not paid, *see*

NRS 608.016, that she worked hours for which she was legally entitled to but did

not receive overtime compensation, *see* NRS 608.018, and that these wages earned

and owing remain unpaid after termination of service, *see* NRS 608.020–.050.  *See*

*Starr*, 652 F.3d at 1216.

4.  Plaintiff has plausibly alleged a claim under Nevada's Minimum

Wage Amendment (MWA).  Nev. Const. Art. 15, § 16.  Absent contrary authority

from the Nevada Supreme Court, we think the MWA is best interpreted to

guarantee a minimum wage for each individual hour worked, rather than as an

average over a workweek.  While the FLSA employs a time-averaging approach,

*see Douglas v. Xerox Business Servs., LLC*, 875 F.3d 884, 885 (9th Cir. 2017), the

Nevada Supreme Court "has signaled its willingness to part ways with the FLSA

where the language of Nevada's statutes has so required."  *Terry v. Sapphire*

*Gentlemen's Club*, 336 P.3d 951, 956 (Nev. 2014).  The MWA uses the language

"$[] per hour worked," Nev. Const. Art. 15, § 16, in contrast to the FLSA's "$[] an

---

[2] We reject Defendant's extraordinary argument that we ought to second-guess the Nevada Supreme Court in *Neville*.  Even if we were to consider the merits of that decision, we would conclude that it was consistent with *Baldonado v. Wynn Las Vegas, LLC*, 194 P.3d 96 (Nev. 2008), and consistent with the statutory scheme. *See id.* at 104 n.33.  Federal district court decisions reaching a contrary interpretation of the state statutory scheme are irrelevant.  *See Knievel*, 393 F.3d at 1072–73; *Olympic Sports*, 760 F.2d at 912–13.

hour," 29 U.S.C. § 206(a)(1). In addition, background Nevada wage and hours law requires payment "for each hour the employee works." NRS 608.016; *see also* NAC 608.115(2) (exempting hourly wage earners from a time-averaging rule applicable to salary and other workers). Plaintiff plausibly alleges that she was paid $0 for each hour worked pre- and post-shift, which is less than minimum wage for those individual hours. *See Starr*, 652 F.3d at 1216.

5.      Plaintiff has plausibly alleged a breach of contract claim under Nevada law for unpaid wages. Although an at-will employee has no breach of contract claim for termination, *Martin v. Sears, Roebuck and Co.*, 899 P.2d 551, 554 (Nev. 1995), nor for unilateral modifications to the at-will employment arrangement made in *prospective* fashion, *Baldonado*, 194 P.3d at 105–06, we see no reason that an at-will employee should be unable to assert a breach of contract claim for nonpayment of agreed-upon wages that were earned during the course of employment.[3] Plaintiff plausibly alleges that Defendant promised to pay Plaintiff a specific wage for each hour worked and that Defendant then broke its promise by not paying Plaintiff for certain hours she then worked. *See Starr*, 652 F.3d at 1216.

We **REVERSE** the dismissal of Plaintiff's complaint as to all counts, and

---

[3] We note that if *Martin* had dictated that at-will employees may never assert a breach of contract claim of any kind, *see* 899 P.2d at 554, then *Baldonado*'s entire discussion of an employer's right to modify employment terms in prospective fashion, *see* 194 P.3d at 105–06, would have been superfluous.

**REMAND** for further proceedings.