**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 4 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LAUREN BOYACK and JENNIFER LEAF, individually and on behalf of all others similarly situated, | No. 19-55279 |
| | D.C. No. 8:18-cv-01233-AG-DFM |
| Plaintiffs-Appellants, | |
| v. | MEMORANDUM* |
| REGIS CORPORATION; REGIS CORP.; and RG SALON MANAGEMENT LLC, | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California, Santa Ana
Andrew J. Guilford, District Judge, Presiding

Submitted March 31, 2020**
Pasadena, California

Before: BEA and BADE, Circuit Judges, and McCALLA,*** District Judge.

Lauren Boyack and Jennifer Leaf appeal the district court's dismissal of

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Jon P. McCalla, United States District Judge for the Western District of Tennessee, sitting by designation.

their second amended complaint ("SAC"). The district court dismissed the SAC's first, second, fourth, fifth, and seventh causes of action pursuant to Federal Rule of Civil Procedure 12(b)(6), finding that under *Landers v. Quality Communications, Inc.*, 771 F.3d 638 (9th Cir. 2014), the SAC insufficiently pled state law claims including for unpaid overtime, unpaid minimum wages, and rest break violations under the California Labor Code. The district court also struck the SAC's third, sixth, and eighth causes of action pursuant to Federal Rule of Civil Procedure 12(f), finding that Appellants had filed these claims in violation of Federal Rule of Civil Procedure 15(a)(2). The district court also denied Appellants leave to amend the SAC because Appellants had repeatedly failed to cure the SAC's deficiencies.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the district court's dismissal of the SAC pursuant to Rule 12(b)(6) de novo. *See Wilson v. Lynch*, 835 F.3d 1083, 1090 (9th Cir. 2016). We review for abuse of discretion both the district court's decision to strike claims from the SAC, *see Davidson v. Kimberly-Clark Corp.*, 873 F.3d 1103, 1109 (9th Cir. 2017), and its denial of leave to amend, *see Curry v. Yelp, Inc.*, 875 F.3d 1219, 1224 (9th Cir. 2017). We affirm.

I.

Appellants argue that the district court erred by dismissing their state law claims for unpaid overtime and minimum wages, rest break violations, failure to pay wages owed upon termination or resignation, providing inaccurate wage

2

statements, and unfair business practices. In *Landers*, this court held that to state plausible claims for unpaid overtime and minimum wages under the Fair Labor Standards Act, a plaintiff must "at minimum" allege "at least one workweek when [she] worked in excess of forty hours and was not paid for the excess hours in that workweek, or was not paid minimum wages." 771 F.3d at 646.

Appellants' unpaid overtime and minimum wage claims fail to meet this requirement.[1] The SAC fails to allege a workweek in which Boyack or Leaf worked more than forty hours and were not paid overtime for those excess hours worked. While Boyack alleges that she was paid "purely on commissions and tips," that allegation alone does not plausibly allege that Boyack received less than minimum wages for all hours worked.[2] The allegation that Leaf received varying rates of pay over several workweeks also does not plausibly support her minimum

[1] Appellants argue that *Landers* does not require a plaintiff plead the specific number of hours she worked in a workweek. Although *Landers* does not require plaintiffs plead "with mathematical precision" the number of hours they worked in a week, *Landers* does require plaintiffs to allege they worked several hours without being paid minimum wages, which Appellants failed to do. *See* 771 F.3d at 645 (quoting *DeJesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 90 (2d Cir. 2013)). Instead, Appellants merely alleged specific weeks for which they are "owed" a specified amount of overtime pay. This is a legal conclusion for which the complaint contains no supporting factual allegations, such as the number of hours worked compared to the number of hours for which compensation was given.

[2] Appellants assert they were paid on a piece-rate basis, qualifying them for the protections of California Labor Code § 226.2(a). The SAC does not sufficiently allege that Boyack and Leaf were paid on a piece-rate basis.

3

wage claim.

Appellants' rest break violation claim also falls short of the requirements of *Landers*. Appellants failed to allege a single workweek in which Appellees impeded or discouraged Boyack or Leaf from taking rest breaks. *See id.* at 646; *see also Brinker Rest. Corp. v. Superior Court*, 53 Cal. 4th 1004, 1040 (2012) (a meal break violation does not occur unless the employer "impede[s] or discourage[s]" employees from taking breaks).[3] Appellants assert that their reference to Appellees' employee handbook is enough to state a claim.[4] This reference alone does not meet the requirements of *Landers* because it does not provide facts demonstrating at least one workweek in which Leaf or Boyack were personally deprived of rest breaks. *See Landers*, 771 F.3d at 646.

Finally, Appellants failed to plead sufficiently their claims for failure to pay wages owed upon termination or resignation, inaccurate wage statements, and unfair business practices because each claim provides only conclusory allegations reciting the statutory elements. *See Landers*, 771 F.3d at 641.

## II.

The district court improperly struck Appellants' third, sixth, and eighth

---

[3] *Brinker*'s meal period requirements have been applied to rest break claims. *See Augustus v. ABM Sec. Servs., Inc.*, 2 Cal. 5th 257, 260, 265 (2016).

[4] Given the disposition of this case, we deny as moot Appellees' motion to supplement the record. Dkt. No. 19.

causes of action under Federal Rule of Civil Procedure 12(f). Rule 12(f) allows a district court only to strike redundant, immaterial, or scandalous claims. *See Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973–74 (9th Cir. 2010). Despite this error, we affirm the district court's decision. The stricken causes of action exceeded the scope of the Parties' stipulation allowing Appellants to file a SAC, and were filed without leave of court. *See* Fed. R. Civ. P. 15(a)(2). These claims are properly dismissed pursuant to Rule 12(b)(6) for failure to state a claim.[5]

## III.

The district court did not abuse its discretion when it denied Appellants leave to amend the SAC. Appellants argue that *Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000), required the district court to grant Appellants leave to amend because Appellants could have cured the SAC's deficiencies by pleading additional facts. The decision to deny leave to amend is within the sound discretion of the district court, *see id.* at 1127, and this court has consistently affirmed district courts' denial of leave to amend in cases procedurally analogous to Appellants' case. *See, e.g., William O. Gilley Enterps., Inc. v. Atl. Richfield Co.*, 668 n.8 (9th Cir. 2009)

---

[5] Appellees moved to dismiss the entire SAC pursuant to Rule 12(b)(6), and the district court fully addressed the issue of whether these causes of action were filed in violation of Rule 15(a)(2). *See Singleton v. Wulff*, 428 U.S. 106, 121 (1976) (a federal appellate court may "resolv[e] an issue not passed on below . . . whe[n] the proper resolution is beyond any doubt").

(finding that the plaintiff's repeated failures to cure deficiencies suggested it would be "futile to offer [the plaintiff] another chance" to amend his complaint); *Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742 (9th Cir. 2008) (affirming the district court's dismissal of the plaintiff's class complaint without leave to amend after the plaintiff had failed repeatedly to cure identified deficiencies in the complaint and after the district court had allowed the parties to engage in discovery and held a hearing to discuss the deficiencies).

**AFFIRMED.**