**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CARLOS MARQUEZ, individually and on behalf of all others similarly situated, | No. 18-56060 |
| Plaintiff-Appellant, | D.C. No. 18-cv-03504-ODW-AS |
| v. | MEMORANDUM[*] |
| TOLL GLOBAL FORWARDING; TGF MANAGEMENT GROUP HOLDCO, INC.; and INSPERITY PEO SERVICES, L.P., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California, Los Angeles
Otis D. Wright, II, District Judge, Presiding

Submitted March 31, 2020[**]
Pasadena, California

Before: BEA and BADE, Circuit Judges, and McCALLA,[***] District Judge.

Carlos Marquez appeals the district court's dismissal of his claim for unpaid

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Jon P. McCalla, United States District Judge for the Western District of Tennessee, sitting by designation.

overtime wages under Cal. Lab. Code § 501 and his claims for meal and rest break violations under Cal. Lab. Code §§ 512(a) and 226.7 against Toll Global Forwarding, TGF Management Group Holdco, Inc., and Insperity PEO Services, L.P.[1]  We have jurisdiction over this appeal under 29 U.S.C. § 1291.  We review the district court's dismissal of Marquez's claims *de novo*, *see Niehaus v. Greyhound Lines, Inc.*, 173 F.3d 1207, 1211 (9th Cir. 1999), *see also Wilson v. Lynch*, 835 F.3d 1083, 1090 (9th Cir. 2016), and we affirm.

## I.

The district court correctly found that Marquez's unpaid overtime claim is statutorily barred by Cal. Lab. Code § 514.  Marquez's overtime claim is also preempted by § 301 of the LMRA under this court's recent decision in *Curtis v. Irwin Industries, Inc.*, 913 F.3d 1146 (9th Cir. 2019).  In *Curtis*, this court found that a plaintiff's unpaid overtime claim was statutorily barred by Cal. Lab. Code § 514 because the terms of the plaintiff's employment with the defendant were

---

[1] Marquez also appeals the district court's dismissal of his claims for failure to pay timely wages during employment, failure to pay wages of terminated or resigned employees, failure to keep accurate payroll records, and unfair competition.  The district court found that these claims were derivative of Marquez's dismissed overtime and meal and rest break claims.  On appeal, Marquez asserts only that these claims should survive because his underlying overtime and meal and rest break claims were neither statutorily barred by § 514 nor preempted by § 301.  Because we affirm the district court's dismissal of Marquez's underlying claims, we also affirm the district court's dismissal of these derivative claims.  Marquez does not challenge the district court's dismissal of his wage claim brought under Cal. Lab. Code § 204.

2

governed by a valid CBA meeting the requirements of § 514, thereby excepting his employer from compliance with the overtime requirements of Cal. Lab. Code § 510(a). 913 F.3d at 1153–54. This court further held that Curtis's overtime claim failed under the first step of the test for § 301 preemption announced in *Burnside v. Kiewit Pacific Corp.*, 491 F.3d 1053 (9th Cir. 2007), because Curtis's right to overtime "exist[ed] solely as a result of the CBA." *Id.* at 1155 (quoting *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1032 (9th Cir. 2016)).

Like the plaintiff in *Curtis*, Marquez's employment with Toll Global was governed by two CBAs meeting the requirements of § 514. His unpaid overtime claim is both statutorily barred by Cal. Lab. Code § 514 and preempted by § 310 of the LMRA. Marquez's LMRA claim was properly dismissed because he failed to plead that he filed a grievance pursuant to the terms of the CBAs. *See Kobold*, 832 F.3d at 1036–37; *see also Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 985–86 (9th Cir. 2007).

Marquez asserts three arguments on appeal, all of which fail. First, Marquez asserts that *Gregory v. SCIE, LLC*, 317 F.3d 1050 (9th Cir. 2003), and district court opinions relying on *Gregory* permit his § 501(a) overtime claim. *Gregory*, however, was expressly abrogated by *Curtis*. *See* 913 F.3d at 1155. Second, Marquez argues that his unpaid overtime claim is not statutorily barred because § 514 applies only when resolution of the overtime claim requires interpretation of

3

the terms of the CBA. This argument confuses the requirements of § 514 with the second step of the *Burnside* test for preemption under § 301. *See Burnside*, 491 F.3d at 1071. Section 514 imposes no such requirement. Third, Marquez argues that his first cause of action asserts a claim for unpaid minimum wages for "off the clock" hours worked under Cal. Lab. Code § 1194. The complaint fails to plead sufficiently a claim for unpaid minimum wages. *See Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 646 (9th Cir. 2014).

## II.

The district court also correctly found that Marquez's meal and rest break claims are preempted by § 301 of the LMRA.[2] Marquez's meal period claims under Cal. Lab. Code § 512(a) are statutorily barred by § 512(e)'s "commercial driver" exception, which exempts commercial drivers covered by a CBA meeting the requirements of § 512(e) from the meal period requirements of § 512(a).[3] *See*

---

[2] The district court incorrectly found that Marquez's meal period claim did not fail under step one of the *Burnside* test but failed under step two of the test. The district court, however, did not have the benefit of *Curtis*, which was not decided until January 2019.

[3] Marquez asserts that the CBAs do not meet the requirements of Cal. Lab. Code § 512(e) because the CBAs' rest and meal period provisions do not "expressly provide" for meal periods, as they incorporate California Labor Code meal period requirements. Marquez's interpretation of the requirement would run afoul of the California legislature's intent in enacting § 512(e) to "afford additional flexibility with regard to the terms of employment of employees in certain occupations." *See Araquistain*, 229 Cal. App. 4th at 238.

Cal. Lab. Code §§ 512(a), (e)(1)–(2), (f); *see also Araquistain v. Pac. Gas & Elec. Co.*, 229 Cal. App. 4th 227, 238 (2014).  The CBAs governing Marquez's employment as a commercial driver for Toll Global meet the requirements of § 512(e).  As a result, Marquez's right to meal periods "exist[s] solely as a result of the [CBAs]."[4]  *Curtis*, 913 F.3d at 1155 (quoting *Kobold*, 832 F.3d at 1032).

Marquez's rest break claim fails under step two of the *Burnside* test.  His rest break claim is "substantially dependent on analysis of [the CBAs]" because resolution of the claims will require interpretation of several terms of the CBAs, including the terms "permit," "load," "unattended," and "leave a load."  *Burnside*, 491 F.3d at 1059–60.  Appellees actively dispute the meaning of these terms.  *See Alaska Airlines, Inc. v. Schurke*, 898 F.3d 904, 921 (9th Cir. 2018).  Determining the meaning of industry terms is a form of interpretation.  *See Kobold*, 832 F.3d at 1024 ("Under longstanding labor law principles . . . the practices of the industry and the shop . . . [are] equally a part of the [CBA] although not expressed in it." (quoting *United Steelworkers of Am. v. Warrior & Gulf Nav. Co.*, 363 U.S. 574, 581–82 (1960)) (internal quotation marks omitted)).

Finally, Marquez argues that his rest break claim will not require

---

[4] *Araquistain* adopted the reasoning of the California Court of Appeal's decision in *Vranish v. Exxon Mobil Corp.*, 223 Cal. App. 4th 103 (2014), and applied it to § 512(e).  229 Cal. App. 4th at 235–36.  *Curtis*'s holding relied substantially on *Vranish*.  *See* 913 F.3d at 1154–55.

5

interpretation of the CBAs' terms because his rest break claim only raises the issue of whether Toll Global deprived drivers like Marquez of rest breaks. This is not accurate, as resolution of his claims will necessary require interpretation of terms of the CBAs that restrict Marquez's and the other drivers' ability to take rest breaks.

**AFFIRMED.**